## Russell v. Pottawottamie County.

**Judgment:** VACATION OF: ATTORNEY'S AUTHORITY TO APPEAR. A judgment will not be vacated on the ground that the attorneys appearing for the defendant were not authorized so to do, when the fact of such authority is not fully negatived, but left in doubt under the testimony, and there are no allegations in the petition to vacate, showing a defense to the action upon which the judgment is founded.

*Appeal from Pottawottamie District Court.*

TUESDAY, JULY 26.

ACTION upon several county warrants. Judgment for the plaintiffs; defendant appeals. The further facts are stated in the opinion.

*Clinton, Hart & Brewer* for the appellants.

*Percival & Woods* for the appellee.

COLE, Ch. J. — The petition in this case was in the usual form. The original notice was in the form prescribed by the statute (Rev. § 2812), and was addressed " to Pottawottamie Co., Iowa ;" it was returned " served on the within named defendant, Pottawottamie county, by reading the same to Hardwin Jones, county judge of said Pottawottamie county, and delivering to him a true copy thereof, all done in said county." At the return term, attorneys appeared for defendant and filed a demurrer, which, upon argument, was overruled. The defendant, by the attorneys appearing, stood by the demurrer, and judgment was rendered for plaintiff. The attorneys then gave notice of appeal, which was duly served.

Afterward, and before the next term of court, the defendant, by other attorneys, filed a motion to vacate and set aside the judgment, because there was no such service of the notice as gave the court jurisdiction to render the judgment the same being served upon the county judge, when it should have been served upon the board of supervisors, and because the attorneys appearing for the county had no authority to do so ; and the judgment was by default and for want of answer, and without service or appearance. This motion was overruled, and thereon is the only error assigned.

The affidavits upon the question of the authority of the attorneys to appear for the county and file the demurrer leave the real fact in doubt. Two of the board of supervisors state by affidavit that they did not employ said attorneys, and that they have talked with the other members, who say they did not, and the affiants believe they were not employed. While two of the attorneys appearing state by affidavit that, as they believe, they were

VOL. XXIX.—33

authorized; one says the couuty judge employed him; and the other, that a member of the board of supervisors, while the board was in session, came to him and desired him to attend to the case; that he supposed the board was aware of the action, and considered himself employed therein.

The reasonable doubt as to the fact, arising upon this testimony, their authority by order of the board not being fully negatived, together with the fact that there is no allegation or showing of any defense whatever to the action, justifies us in affirming the judgment, without regard to the question whether the service should have been upon the board of supervisors instead of the county judge. *Hefferman* v. *Burt*, 7 Iowa, 320.

Affirmed.