BREWER v. HOLBORN.

1. **New trial**: AFTER JUDGMENT: UNAVOIDABLE CASUALTY. In a proceeding under section 3501 of the Revision, to vacate a judgment and obtain a new trial, it is necessary not only that the matters relied upon to excuse the failure to defend are sufficient, but that the facts set out, as constituting a defense, shall be adjudged sufficient for that purpose.

2. —— That the defendant left home with plenty of time, and in the expectation of returning, but was prevented therefrom by sickness, constitutes a sufficient excuse for his failure to appear and defend.

*Appeal from Page District Court.*

THURSDAY, JULY 25.

THIS is a proceeding, under Revision, section 3501, to vacate a judgment and obtain a new trial in a case of Holborn against Brewer, wherein judgment was rendered by default against Brewer for the full amount of the note sued on. The ground for a new trial was that specified in subdivision 7, section 3499, for unavoidable casualty preventing the party from defending. The district court denied the relief. The plaintiff herein appeals.

*W. P. Hepburn* for the appellant.

*Moore & Morseman* and *T. E. Clarke* for the appellee.

COLE, J. — At the September term, 1870, this defendant, Francis Holborn, obtained a judgment by default, in the district court of Page county, against this plaintiff, for $1,269.46, and costs, upon a promissory note made by said Oliver H. Brewer to the order of the Racine & Mississippi Railroad Co. This action is brought to vacate that judg-

ment, and obtain a new trial, on the ground of unavoidable casualty preventing said Brewer from defending. The matters relied upon to show the failure to defend, as well as the facts constituting the defense itself, are set out in the petition, pursuant to Revision, sections 3499, 3501. In such cases, our statute provides that the judgment shall not be vacated, until it is adjudged there is a defense. § 3503. The parties have, therefore, in this case, entered into a full examination, proof and trial of the merits of the entire case. The record is a voluminous one, and contains all the testimony taken by the parties. It would serve no useful purpose to here restate and argue the evidence. We simply state our conclusions as briefly as practicable.

In our view of the evidence, the plaintiff has established that he was prevented by unavoidable casualty from defending. There can be no question but that the plaintiff left home before the suit was brought, expecting to return before the September term of the court; and that he was prevented from so returning by reason of his own personal sickness; that the service of notice was by leaving a copy with his daughter at his house, and that she was not at all acquainted with legal matters. No fault attaches, under the proof in this case, to the defendant in that action, for failing to defend. He had no personal knowledge of the action until after judgment was rendered.

But, the evidence further shows that the first action was brought on a negotiable note, executed by this plaintiff to the Racine & Mississippi Railroad Co., and that, before it became due, it was transferred to one Russell, and by him to one Lathrop, and by him, a few days after maturity, to this defendant. There is not one word of proof showing that Russell was not a *bona fide* holder for value, and, even if it be conceded that Lathrop held it as collateral security, and Holborn was charged with notice of defects, because he took it after due, yet either of them would be protected

by the title of Russell; for, since they acquired his title, they might properly and legally stand in his shoes.

We might say further, that, under the proofs in this case, we would have to hesitate long, before holding that the facts proved would constitute a defense, even against a holder for value, acquiring it after maturity.

This conclusion is reached after giving due consideration to all the evidence. Although our views do not entirely accord with those expressed by the learned district judge, who tried the cause below, yet we reach the same conclusion, and order the judgment.

Affirmed.