DRYDEN v. WYLLIS ET AL..

1. **Jurisdiction:** SUPREME COURT: AMOUNT IN CONTROVERSY. The Supreme Court has jurisdiction in a suit brought to vacate a judgment which, with interest thereon added, exceeds one hundred dollars.

2. **Appeal:** FINAL ORDER. An appeal will lie from a final order, made in a special proceeding, and affecting a substantial right therein.

*Appeal from Marshall District Court.*

SATURDAY, JUNE 14.

THIS action is brought, under chapter 1, title 19, of the Code, to vacate a judgment rendered in said court in favor of the defendant Wyllis against the plaintiff.

The grounds relied on are "that there was error shown in the rendition of said judgment, and fraud practiced by the said J. C. Wyllis and his attorney, and irregularity in obtaining said judgment." The relief asked was granted, and the defendants appeal.

Dryden v. Wyllis.

*J. C. Wyllis* and *P. M. Sutton*, for appellants.

*Caswell & Meeker*, for appellee.

SEEVERS, J.—I. The petition states that the judgment was rendered in June, 1877, for one hundred dollars and costs. This action was commenced in June, 1878, and it is suggested, by counsel for the appellee, this court has no jurisdiction because the amount in controversy does not exceed one hundred dollars, as shown by the pleadings. Code, § 3173.

1. JURISDIC-
TION : supreme
court : amount
in contro-
versy.

The judgment bears interest from its date. It is quite evident, therefore, the amount in controversy exceeds one hundred dollars, as shown by the pleadings.

II. It is insisted no appeal lies, and it must, therefore, be dismissed. In support of this view *Richards v. Burden*, 31 Iowa, 305, and *Jones v. C. & N. W. R. Co.*, 36 Iowa, 68 (72), are cited. These cases are not applicable. It is quite evident this is a final order made in a special proceeding affecting a substantial right therein. In such case an appeal lies. Code, § 3163.

2. APPEAL :
final order.

III. The District Court must have found from the evidence that the allegations of fraud and irregularity were sustained. But there was no evidence tending to show that the plaintiff "had or had not a valid defence to the action in which the judgment was rendered," as is expressly certified by the trial judge.

Contained in chapter 1, title 19 of the Code is section 3159, which provides that "the judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defence to the action in which the judgment is rendered." In this statute there is no room for construction, and it has been so held in *Miller v. Albaugh*, 24 Iowa, 128; *Russell v. Pottawattamie County*, 29 Id., 256; and *Brewer v. Holborn*, 34 Id., 473.

REVERSED.