NOLAN v. JONES.

1. **Evidence:** REPLEVIN: CONTRACT. Where, in an action of replevin, the plaintiff alleged that the defendant claimed the property under a pretended contract of exchange, which did not in fact exist, it was held that under such allegation evidence was admissible to show that the contract was void for fraud.

2. ——: ——: MINOR. The fact that the defendant was a minor would not render such evidence inadmissible.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, APRIL 21.

ACTION to replevy a mare alleged to be worth $99. The petition avers that the plaintiff is the unqualified owner of

the mare, and entitled to the immediate possession of her: that the defendant falsely pretended to have entered into a contract of exchange whereby the defendant gave the plaintiff a horse for the mare; that the plaintiff tendered the horse to defendant and demanded a return of the mare, which was refused.

The defendant, appearing by guardian *ad litem*, avers in his answer that he is a minor; that he is the owner of the mare by a valid contract of exchange, whereby he gave the plaintiff a horse for her.

There was a trial by jury. The plaintiff introduced evidence tending to show that he was the owner of the mare at the time of the commencement of the action, and was in possession of her five days previous to that time. The plaintiff, as a witness in his own behalf, was then asked to state the circumstances of his parting with the possession of the mare. This question was objected to by the defendant as immaterial, and because there was no allegation in the petition under which the testimony was admissible. The court sustained the objection, and the plaintiff excepted.

The defendant then introduced evidence tending to show that he was owner of the mare by a valid contract of exchange, whereby he gave the plaintiff a horse for her.

The plaintiff, for the purpose of rebutting this evidence, introduced witnesses and offered to prove by them that the alleged contract of exchange was procured by the defendant's fraud; that the horse had the glanders; that the defendant knew it at the time, and took steps to conceal it, representing that the horse was sound; that the plaintiff traded, relying upon the representation; that shortly afterward he discovered that the horse had the glanders, and thereupon he tendered the horse back to the defendant and demanded the mare, but that the defendant refused to surrender her. The defendant objected to the admission of the offered evidence on the ground that it was immaterial and irrelevant to the issue, and was incompetent as against a minor. The court sustained

the objection, and plaintiff excepted. There was a verdict for the defendant, and judgment was rendered thereon. Plaintiff appeals.

*M. P. Hathaway* and *G. R. Willett*, for appellant.

*L. Bullis*, for appellee.

ADAMS, CH. J.—In the certificate of appeal seven questions are certified, but in our opinion they may properly be reduced to two; viz, whether the offered testimony was admissible under the pleadings, and if so, whether it was admissible as against a minor.

1. EVIDENCE: replevin: contract.

The defendant insists that the testimony was inadmissible, because it was offered to show fraud, and there was no allegation of fraud in the petition, and none in a reply to the answer, no reply having been filed.

This action was not brought to rescind a contract, nor to recover damages for fraud. It was brought upon the simple theory that the plaintiff had the title to the mare, and right of possession. The plaintiff's averment, when set out in full, is as follows: "that at the commencement of this action he was, and still is, the unqualified and absolute owner by purchase of one dark sorrel mare named Jennie; that plaintiff then was, and still is, entitled to the immediate possession thereof; that the defendant wrongfully detains the property from the plaintiff."

Ordinarily, this would certainly be sufficient to enable him to prove title and right of possession. But the plaintiff went further than that in his averment. He had parted with the possession under a supposed contract of exchange. He avers, in substance, that the defendant relies upon such contract, but that his pretenses in regard to the existence of such contract are false. He does not expressly aver that he was induced to make the exchange by fraud, but he does negative the validity of the contract, and we think it was proper for him to introduce evidence to show that the pretended con-

tract was void. The action was brought originally before a justice of the peace, where not quite the same strictness of pleading is required as in the District or Circuit Court.

It only remains to be considered whether the evidence of fraud was inadmissible as against a minor. In determining this question, it should be borne in mind that the action is not brought to recover damages for deceit or fraud in a sale. If so, it would be necessary for the plaintiff to affirm the sale. "An action on a sale is an affirmance by the plaintiff of the sale." Cooley on Torts, page 107. Now, as a minor cannot make himself liable upon his contracts of sale, no action for.damages for deceit or fraud in a sale can be maintained against him.

2. ——:——: minor.

But the plaintiff's case proceeds upon the theory that there was no sale, and if what he offered to prove was true, there certainly was none, unless the law is that fraud by a minor in procuring a contract will not vitiate it. Our attention has been called to no case where such doctrine has been held, and such, we think, is not the law.

In our opinion, the Circuit Court erred in excluding the offered evidence.             REVERSED.