BANK OF STRATTON, Appellant, v. S. DIXON.

**Checks: INDORSEMENT:** *Rights of Third Parties.* An agent received of his principal's debtor a check for the debt, payable to him as agent. He indorsed the check as agent and gave it to the debtor, saying that he wished a draft instead of the check. The debtor took the check and purchased a draft with it. There was nothing to show that the bank had any knowledge of the debtor's want of authority to put the check in circulation. *Held.* that such facts were not a defense to an action by the bank against the agent as indorser of the check, the defense resting on the ground that the indorsement by the agent amounted to surrendering the check to its maker.

**Judgment: VACATION.** Defendant in an action on a judgment of another state, against whom judgment by default is rendered is not entitled to have the default set aside on the mere defense of *nul tiel* record, under Code. 1873 section 3159, providing that the judgment shall not be vacated until it is adjudicated that there is a "valid defense" to the action. It must be shown that petitioner was not indebted to judgment plaintiff.

*Appeal from Jasper District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, APRIL 8, 1898.

THE plaintiff brought this action upon a judgment of the district court of the state of Nebraska. Defendant made default, and judgment was rendered against

him. Thereafter, by petition, he set up that he had been prevented by unavoidable casualty and misfortune from appearing and making defense, and prayed that the default and judgment be set aside. Later, an amendment was made to the petition, and to the pleading, as amended, a demurrer was filed by plaintiff. The court overruled the demurrer, and, after a hearing, set aside the default and judgment, and dismissed plaintiff's petition. From this order and judgment the plaintiff appeals.—*Reversed.*

*H. S. Winslow* for appellant.

*W. O. McElroy* for appellee.

WATERMAN, J.—The judgment upon which plaintiff's action is based was rendered by the district court of Chase county, Neb., and the transcript thereof, which is attached to the petition in this case, discloses that jurisdiction was taken by that court upon the following return of service: "I hereby certify that on the 17th day of July 1893, I served the within writ of summons on the within-named S. Dixon, by leaving for him at his usual place of residence, in Douglas county, Nebraska, a true and duly certified copy thereof, with all indorsements thereon, as required by law. George A. Bennett, Sheriff Douglas County, Neb." After default made and judgment entered in the present action, defendant instituted a proceeding to vacate said judgment, under subdivision 7, section 3154, of the Code of 1873, alleging the facts which he claimed amounted to unavoidable casualty and misfortune, and setting out a defense which he had to the original claim sued upon. He also alleged that he never was a resident of the state of Nebraska, that the return of service on the summons from the Chase district court was false, and that no notice of said action was ever served upon him.

II.   Evidence was introduced and a hearing had upon this application.   We may, for present purposes, admit that the facts alleged by the defendant in excuse for his non-appearance in the Jasper district court (and which we need not set out) constituted an "unavoidable casualty and misfortune," within the meaning of those terms as they are employed in the statute; and we may also assume that the showing in support of the plea *nul tiel* record was sufficient to open the Nebraska judgment, and admit of a defense being interposed to the merits of plaintiff's claim.

III.   It is provided in section 3159, Code 1873, "The judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered."   This section has been construed in the following cases, among others:   *Brewer v. Holborn,* 34 Iowa, 473; *Dryden v. Wyllis,* 51 Iowa, 534.   But counsel claims that defendant was obliged to exhibit no defense, save that of *nul tiel* record, in order to bring himself within the terms of this statute.   This position is not tenable.   While the action was upon the judgment of the Nebraska court, yet, if a plea to the judgment had been held good, plaintiff could still have maintained an action upon the original cause.   2 Black, Judgments, 864; *Whittier v. Wendell,* 7 N. H. 257.   And under our practice this might have been done by an amendment in this case.   The proper inquiry on the application to set aside this judgment was not whether defendant had a technical defense to plaintiff's claim in that form, but, rather, whether he could show facts which would reasonably indicate that he was not indebted to plaintiff.   The purpose of section 3159 is to avoid opening a judgment unless it appears to be in the interests of justice to do so.   Before the court acts favorably upon an application of this kind, it should find that plaintiff

probably has secured an undue advantage, not in name, but in fact. As an illustration of the disinclination of the courts to disturb settled controversies without a showing of substantial merit on the part of the applicant, we cite *Gerrish v. Hunt*, 66 Iowa, 682. Notwithstanding the claim of counsel, an attempt is made to present a showing of merit for defendant, and the facts set out are as follows:    Defendant was the agent in Nebraska for the Norwegian Plow Company, and as such received from the firm of A. C. Pence & Co., debtors of said company, a check payable to 'S. Dixon, Agt.,' and drawn on the Bank of Wauneta. Defendant indorsed the check, 'S. Dixon, Agt.,' and gave it to Pence, saying that he wished a draft to use, instead of a check. Pence procured a draft which defendant took. It is disclosed in the exhibits to the petition that plaintiff bank is the owner of the check, which is the foundation of the present claim. On the hearing to vacate the judgment it was also established that Pence used this check to purchase of plaintiff the draft which he gave to defendant. Would these facts constitute any defense to plaintiff's claim? If not, then the trial court was not warranted in setting aside the judgment.

IV.    It is claimed by defendant that the facts show the check was surrendered to Pence. But it is a third party who is asserting rights here based on that instrument, and there is no evidence of any knowledge on its part that Pence lacked authority to put it in circulation, if, indeed, such was the case. It is not contended by defendant that the character of his indorsement relieved him from personal liability. Such a contention, if made, would be readily disposed of by the prior decisions of this court. *Matthews v. Mattress Co.*, 87 Iowa, 246; *Lee v. Percival*, 85 Iowa, 639, and cases cited. It is not necessary, in order to hold defendant personally liable on his indorsement, that we go to the

extreme of the rule announced in these cases, and we do not wish to be understood as so doing. We cite these authorities because the principle we apply is included in the doctrine they announce. The rule to which we here give our sanction is well stated in 1 Daniel, Negotiable Instruments, section 301. We are aware that the trial court was not called upon to weigh the evidence nicely in order to determine whether a defense was made out. *Insurance Co. v. Granger*, 62 Iowa, 272. But in this case the facts, as shown, are wholly insufficient to bar a recovery on the check. They do not tend to show that defendant is not indebted to plaintiff. Our conclusion is that the trial court erred in setting aside the judgment, and in dismissing plaintiff's action. Its judgment is therefore REVERSED.