JOHN REINTS, Appellant, v. EMMA ENGLE, Appellee.

New trial: MINORITY AS GROUND FOR.   While a judgment against a minor is voidable, yet the fact of minority will not sustain a motion for a new trial, until a showing is made up on which to base a finding by the court that a defense to the claim sued on in fact exists.

*Appeal from Plymouth District Court.*— HON. WM. HUTCHINSON, Judge.

THURSDAY, JUNE 7, 1906.

The opinion states the case.— *Affirmed.*

*Zink & Roseberry,* for appellant.

*Sammis & Bradley,* for appellee.

WEAVER, J.— On April 7, 1902, Emma Engle, the defendant herein, brought an action at law against John Reints, plaintiff herein, in the district court of Plymouth county, Iowa, to recover damages on account of her alleged seduction. To this action the said Reints appeared and answered in denial, and upon trial to a jury judgment was rendered against him on October 22, 1902, in the sum of $2,500. On September 12, 1903, Reints filed in said district court his petition for a new trial in said cause, alleging as a ground thereof that at the time of the trial and judgment he was a minor under twenty-one years of age, and that no guardian *ad litem* was appointed in his behalf in said proceedings, nor did any guardian either special or general appear and make defense for him. The matter of said petition for new trial was submitted for the decision of the trial court upon an agreed statement of facts setting forth the bringing of the original action for damages, the general nature of the claim, the answer made thereto by said Reints, and the verdict and judgment against him. It was further stipulated and agreed that at the date of said trial and entry of judgment in the principal case said Reints was under twenty one years of age, and that no guardian was appointed or appeared to make defense for him, but that he appeared by counsel, and that his father was present at the trial, advising with counsel for his son, and was a witness in said trial. On this showing the district court refused to order a new trial and dismissed the petition. From this ruling Reints appeals.

In view of this record we regard it unnecessary to determine the point made by the appellee that the presence of the father of Reints and his participation or assistance in the defense of the principal action was such an appearance

by guardian as authorized the court to enter the judgment of which complaint is made. Code, sections 3192, 3482. Although defendant was a minor and the judgment against him was rendered without appointment of or defense by guardian, it was not void, but was at most irregular. *Drake v. Hanshaw,* 47 Iowa, 291. To justify the court in setting it aside, our statute requires, not only that the irregularity in the rendition of the judgment shall be made to appear, but it must also be found and adjudged that there is a valid defense to the action in which such judgment was rendered. The agreed statement of facts wholly fails in this latter respect. It shows simply that on the trial of the principal cause the defendant pleaded in denial of the plaintiff's petition, but states no fact on which to base a finding by the court that a defense in fact existed to the claim sued upon. It has often been held that a judgment which is merely voidable or irregular is not to be vacated until after a hearing of the alleged defense on its merits. Code, sections 4049, 4096; *Brewer v. Holborn,* 34 Iowa, 473; *Russell v. Pottawattamie,* 29 Iowa, 256; *Miracle v. Lancaster,* 46 Iowa, 179; *Dryden v. Wyllis,* 51 Iowa, 534; *Bank v. Dixon,* 105 Iowa, 148. There is no such showing here. The minority of the appellant was no defense to the claim for damages, and, while it is conceded that a denial to such claim was pleaded, there is, as already suggested, no allegation or proof tending to sustain the truth of the answer, or to indicate that justice required the reopening of the case for another trial.

This conclusion justifies the ruling of the district court, without reference to other matters argued by counsel, and the judgment is therefore *affirmed.*