## PATTERSON *v.* KASPER.

1. INFANTS—RESCISSION OF CONTRACT—FRAUD.

   Before reaching majority, for fraud in the inception of the contract, a minor may rescind the purchase of a horse which proved to be vicious.

2. SAME—FRAUD—ASSUMPSIT.

   Notwithstanding that defendant was likewise an infant and his tort may have arisen out of a contract that he has fraudulently induced the plaintiff to enter into, an action might be maintained in assumpsit to recover back the price paid for a horse, plaintiff having elected to rescind and return the animal·to the vendor.[1]

3. SALES—ACTIONS—FRAUD—CONTRACT.

   Assumpsit does not, however, lie against a defendant who participated in fraudulent misrepresentations upon the sale of a horse, but who received none of the proceeds of the sale that were paid to the codefendant and by him retained.

Error to Clinton; Searl, J. Submitted October 16, 1913. (Docket No. 53.) Decided October 2, 1914.

Assumpsit by Erford Patterson, by next friend, against Joseph Kasper and another. Judgment for defendants on a directed verdict. Plaintiff brings error. Reversed.

*William M. Smith,* for appellant.

*Lyon & Moinet,* for appellees.

BIRD, J. The plaintiff, a minor, claims that he purchased from Joseph Kasper, a minor, and Tyler Georgia, an adult, a horse for $158, upon the representations of both of them that the horse was sound and all right. The horse turned out to be a vicious kicker, and when the plaintiff discovered this, he re-

---

[1] On the question of the liability of an infant for tort in inducing a contract, see note in 57 L. R. A. 675.

turned the horse to the defendants and demanded the
return of his money. The demand being refused,
this suit was commenced to recover it. The declaration is in assumpsit, and contains a special count, and
also the common counts. At the conclusion of plaintiff's case a verdict was directed for the defendants
on the ground that, the plaintiff being a minor, he
could not rescind his contract during his minority.
Upon a motion for a new trial the court further held
that plaintiff's testimony did not make a case against
defendant Georgia, and further, that no recovery
could be had against the defendant Kasper by reason
of his infancy. Therefore three questions are presented in this court:

(1) Can an infant rescind his contract for the purchase of personal property on the ground of fraud
during his minority?

(2) Is the infant defendant liable in such action?

(3) Did the testimony make a case against defendant Georgia which should have been submitted to the
jury?

1. The question as to whether an infant can rescind his contract during his minority on the ground
of fraud was recently determined by this court adversely to the contention of the defendants in the
case of *Stoll* v. *Hawks*, 179 Mich. 571 (146 N. W.
229).

2. The rule is general that infants are liable for
their torts in the same manner as adults. 22 Cyc. p.
618. But it is argued by defendants that this is a
"matter arising *ex contractu*, and, even though it be
infected with fraud, it cannot be changed into a
tort in order to charge the infant by a change
of remedy." In a case like the present one it
is said a safe test to apply is: "Can the infant
be held liable without directly or indirectly enforcing
his promise?" *Rice* v. *Boyer*, 108 Ind. 472 (9 N. E.
420, 58 Am. Rep. 53). The plaintiff is not suing on

the contract, nor is he relying thereon as he would have done had he affirmed the contract and brought an action for damages based upon the fraud of the defendants. He has, on the other hand, rescinded the contract, and he is now engaged in an effort to reclaim his money which found its way into defendant Kasper's hands through the false and fraudulent representations of both defendants. Measured by the foregoing test, there would seem to be no sufficient reason why a recovery should be denied on this ground.

Some observations made by the court in the case of *Shaw* v. *Coffin*, 58 Me. 254 (4 Am. Rep. 290), will be interesting here, in view of the contentions of the defendants. In that case the action was assumpsit based on certain promissory notes which had been given by an infant to cover moneys which he had wrongfully taken. The court said in part:

"Is an infant liable on assumpsit for money stolen, or for the proceeds of stolen property when converted into money? The thief of full age is so liable. The owner of property stolen, and converted into money by the thief, may maintain assumpsit against him for money had and received. *Howe* v. *Clancey*, 53 Me. 130; *Boston, etc., Railroad Corporation* v. *Dana*, 1 Gray [Mass.], 83. The reasons upon which these decisions rest apply equally to the minor as to the adult. If the minor is liable for his torts, it is immaterial to him in what form of action recompense is sought. If for the purposes of justice the tort may be waived in the case of the adult, and assumpsit maintained, it can, to accomplish the same great purpose, be equally well waived as to the minor. It would be a reproach to the law, if a minor, when arrived to years of manhood, were to be allowed to escape from the payment of what is due, by the plea that he had stolen the money demanded of him when under age. *In Walker* v. *Davis*, 1 Gray [Mass.], 506, Thomas, J., says:

"'The defendant obtained the possession of her (the cow) by fraud, a fraud to which infancy would constitute no defense.

Supposing no contract to have been made, the plaintiff then had the election to bring his action for the tort, or, as the cow had been sold before the note became due, to waive the tort and bring assumpsit.'

"In *Towne* v. *Wiley*, 23 Vt. 359 [56 Am. Dec. 85], referring to the liability of infants for torts, Redfield, J., in delivering the opinion of the court, says:

" 'In all the cases, then, upon this subject, it will be found that the courts profess to hold infants liable for positive, substantial torts, but not for violations of contracts merely, although by construction the party claiming redress may be allowed, ·by the general rules of pleading, to declare in tort or contract at his election.'

"The precise question here presented arose in *Elwell* v. *Martin*, 32 Vt. 217, and the court there held that the defendant was liable in assumpsit for money tortiously taken by him during his infancy."

3. We think the trial court was right in holding that no case was made by the plaintiff against the defendant Georgia. The record shows, as plaintiff contends, that Georgia made representations respecting the horse which it is claimed were false, but it does not show that Georgia was the owner of the horse, nor that he received any of the purchase price. If this were an action of fraud, the question as to whether he was the owner of the horse or had received any of the purchase price would be of no importance if he made false and fraudulent statements which induced plaintiff to part with his money, but this is an action of assumpsit wherein plaintiff is seeking to recover his own money which it is agreed was paid to defendant Kasper.

For the errors pointed out, the judgment of the trial court will be reversed, and a new trial ordered.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.