GUY O. DAGGY, Administrator, Appellee, v. IRA MILLER et
al., Appellants.

HIGHWAYS:     Use of Highway—Automobile Accident—Negligence
1   —Insufficient Lights.   Evidence reviewed, and held to clearly
    present a jury question on the charge of negligence based on
    the insufficient lighting of defendant's automobile.

NEGLIGENCE:     Imputed Negligence—Common Enterprise—Auto-
2   mobile Accident.   The owner of an automobile and his minor
    son as driver, while returning to their home from a visit to a
    city, are engaged in a common enterprise, and the negligence
    of the son in operating the car with defective lights, or at a
    dangerous rate of speed, or in failing to discover a vehicle or
    properly avoiding it after it was discovered, will be imputed
    to the father, even though the father was passive, and did not
    assume to exercise his *presumed* control and dominion over
    the car.

ACTIONS:     Joinder—Parties Guilty of Concurrent Negligence.
3   Parties may so situate themselves that, while they are not en-
    gaged in a common enterprise, in such sense that the negli-
    gence of one will be imputed to the other, the negligence of
    both may be so concurrent that both may be joined as defend-
    ants in the same action.

        PRINCIPLE APPLIED:   Two neighbors, on a dark night,
    and in separate automobiles, started home from a city.   The
    lights on one car were defective.   The lights on the other car
    were in order.   It was agreed that the car with the good lights
    should follow the car with the defective lights, and thus give
    the forward car the benefit of the rear lights.   Both cars were
    running at least 25 miles an hour.   They overtook two parties
    riding in an ordinary buggy, and on the right-hand side of the
    middle of the traveled way.   When the driver of the forward
    car discovered the buggy, he, to avoid a collision, turned his
    car to the left, but the right hub on his rear wheel caught the
    left hub of the rear buggy wheel, and threw one of the occu-
    pants of the buggy out and upon the ground.   The driver of
    the rear car saw the occupant of the buggy when she was
    thrown to the ground, and was then some 50 yards in the rear,
    and tried to stop, but was unable to do so until he had gone
    a distance of 200 feet.   In so doing, he ran over and killed the

party who had been thrown from the buggy. The driver of the forward and defectively lighted car was negligent (a) in the speed at which he was operating the car, (b) in not sooner discovering the buggy, and (c) in not taking sufficient space in which to pass the buggy. *Held*, the separate negligent acts of the drivers of the two cars were so far concurrent that the drivers were properly joined as defendants in the same action.

NEGLIGENCE: Evidence—Sufficiency—Automobile Accident. Evidence reviewed, and held sufficient to establish the negligence of the driver of an automobile in running over a party who had been thrown from a buggy on account of the prior negligence of another party.

INFANTS: Actions—Defense Without Guardian—Arresting Entry of Judgment. Judgment may not be rendered against a minor in the absence of a defense by a guardian. The entry of judgment without such defense will be arrested on motion when made within the statutory time after verdict, even though the fact of such minority was not pleaded, but was revealed during the course of the trial, and neither party then asked for the appointment of a guardian. Sec. 3482, Code, 1897.

*Appeal from Polk District Court.*—LAWRENCE DEGRAFF, Judge.

TUESDAY, MAY 22, 1917.

REHEARING DENIED MONDAY, SEPTEMBER 24, 1917.

THE opinion states the nature of the case and the material facts.—*Affirmed in part; Reversed in part.*

*Clark, Byers & Hutchinson, Miller & Wallingford, Roy E. Curray,* and *Mulvaney & Mulvaney,* for appellants.

*Dowell, McLennan & Zeuch,* for appellee.

WEAVER, J.—The plaintiff brings this action at law to recover damages on account of the death of his intestate, Lena L. Daggy. As ground for charging the defendants with liabilty for the death of deceased, the petition alleges that, on the night of August 29, 1914, deceased was riding along

the public highway in a buggy driven by her husband, and that, without fault on her part, and by reason of the negligence of the defendants, the buggy was overturned, throwing her to the ground, where she was run over by an automobile and fatally injured. Specifying the alleged negligence of the defendants, the petition avers that, as deceased and her husband were driving along the public road as aforesaid, they were overtaken by two automobiles, the one in advance being driven by the defendant Ira Miller, accompanied by his father, William Miller, the owner of said car, while the other, closely following, was driven by the defendant Wagner; that the Miller car was not furnished with sufficient or proper lights; and that, by agreement among all the defendants, the two cars were being driven together, the Miller car in the lead, to afford it the benefit of the lights carried on the Wagner car. It is further alleged that, by agreement of the defendants, both cars were to be driven at an excessively high rate of speed; and that, in pursuance of such agreement and common purpose and understanding, they did operate such cars at a high, dangerous and reckless rate of speed, without due regard for the safety of others using the public way; and that, in so doing, the Miller car overtook and ran into the buggy in which deceased was riding, in such manner as to violently throw her out into the road, directly in front of the Wagner car, which ran over her; and that, from the injuries so inflicted by both cars, she then and there died.

The Millers answered jointly, and Wagner separately, each denying all allegations of negligence made in the petition, and alleging that the injury and death of the deceased were brought about by purely accidental causes. There was a trial to a jury, and verdict returned for plaintiff against all the defendants for $5,742, and from the

judgment entered thereon, the defendants have severally appealed.

Before attempting a consideration of the several appeals, we will recite a few of the facts which are either conceded or have some material degree of support in the evidence. The deceased and all the defendants lived in the country north of the city of Des Moines, and had all been in the city on the afternoon in question. In the evening, after dark, all moved along the same road homeward, though there was no immediate association between the defendants and deceased. The latter evidently left the city first, and had not been seen or overtaken by the defendants until the moment of the collision hereinafter mentioned. The Millers concede that the lighting apparatus on their car was weak or defective, though they insist that their lamps were not extinguished, and that the light so afforded was reasonably sufficient. The evidence would justify the finding that, because of the unsatisfactory condition of the lights on Miller's car, there was an agreement between the defendants that Wagner should follow it with his car, on which the lights were in order. Concerning the rate of speed at which they were moving at the time of the collision, the defendants unite in estimating it at not to exceed 15 to 20 miles an hour. There is evidence, however, of statements and admissions on their part, soon after the accident, indicating that they were running at 25 miles or more an hour. It appears quite conclusively that defendants came upon the buggy without discovering it until collision was imminent, when Miller made a quick turn to the left, and, in attempting to pass, the hub of the right rear wheel of his car caught the left rear wheel of the buggy, tossing it in such a manner that the woman was thrown to the ground, where, as the evidence fairly tends to show, she was almost immediately struck by the Wagner car. Plaintiff's evidence also tends to show that the buggy,

when struck, was on the right-hand side of the middle of the traveled way, and that deceased was not guilty of any contributory negligence on her part.

I. We give first attention to the appeal of the defendant William Miller.

1. HIGHWAYS: use of highway: automobile accident: negligence: insufficient lights.

Concerning the charge of negligence in the manner of lighting the Miller car, and its management and rate of speed at the time of the collision, it is argued in behalf of this appellant that there is no evidence of any insufficiency of light, and that, although this defendant was the owner of the car and riding therein, he had no hand or part in driving it, and is, therefore, in no wise liable for the consequences of the collision. Neither contention is sound. It is true that the defendants' witnesses unite in saying that the lights on this car were not extinguished, and were of sufficient strength to light the road in front of them in the manner required by law; but on the other hand, the husband of the deceased, who was driving the buggy, swears that, as he approached the place where the collision occurred, and was about to turn to the left to take a cross road, his wife said to him, "Don't turn. There's an automobile coming;" whereupon he looked back, and saw only what appeared to be a dim lantern light, when almost immediately the buggy was struck by the passing car, and he and his wife thrown out. Had the car lights been shining in the manner claimed by the defendant, it is quite inconceivable that the husband should not have recognized their meaning; and while it is possible that he is mistaken, or does not testify truthfully, the question of fact so raised was for the jury. Moreover, the plaintiff's case in this respect is strengthened by the well established fact that the lighting equipment of the car was defective, and that because thereof it was agreed that the Wagner car should follow, and thereby lend the benefit of its lights,

in case it was needed. Added to this is the further fact that, although the buggy was in the road, where the lights of the Miller car, if reasonably sufficient, would naturally have revealed it to the defendants in time to prevent the collision, yet neither Ira Miller, who was driving the car, nor his father, who was riding with him, discovered it until almost the instant of the crash. Altogether, the fact as to whether this car was lighted was a question for the jury.

2. NEGLIGENCE: imputed negligence: common enterprise: automobile accident.

Neither can this appellant escape legal responsibility for the consequences of the collision by proof that he was himself wholly passive, and took no part in the driving or management or control of the car. He was admittedly the owner of the car, clothed with the right and authority to control it. He was present where, had he been so minded, he could have exercised such control. The driver was his own minor son, a boy of 17 years, subject to his authority, and presumably engaged in his service. If the car was driven without proper lights, or if it was being operated upon the public highway in the nighttime at a reckless speed, or without due care for the safety of others lawfully using such public way, the appellant was consenting thereto, tacitly at least, and the driver's negligence was his negligence.

The legal principles thus applied are of such familiar and elementary character as to forbid the extension of this opinion for the discussion or review of precedents. *Carpenter v. Campbell Automobile Co.*, 159 Iowa 52. The case of *Withey v. Fowler Co.*, 164 Iowa 377, cited in this connection by the appellant, is not in point, either in fact or in principle. In that case, the plaintiff was an invited guest, riding in a car over which she neither exercised nor had any authority or right of control, and it was held that the negligence, if any, of the driver would not be imputed to her. The distinction between the cases is manifest.

It is conceded, in support of this appeal, that the evidence would justify a finding that the defendant Ira Miller was negligent in not taking sufficient room to pass the buggy without a collision, and in our opinion, it also justifies a finding that he was negligent in the matter of speed and in failing to discover the buggy in time to prevent the collision; but, under the rule already stated, the concession or proof of negligence on his part in either or all of the several respects mentioned is concession or proof of the negligence of his father.

Many errors are assigned upon the instructions given the jury, and upon the refusal of the trial court to give other instructions requested. Most of the assignments are not argued. Other exceptions relate to the sufficiency of the evidence to justify the submission of the question of negligence on the part of this appellant, a question we have already considered, and ruled against the appellant's contention. We find no ground upon which to disturb the verdict against William Miller, and the judgment thereon is affirmed.

II. For the appellant Roy Wagner, counsel argue but two propositions: First, that there is a misjoinder of parties defendant; and second, that the verdict against him is without support in the testimony.

3. ACTIONS: joinder: parties guilty of concurrent negligence.

With reference to the first point here made, it is the position of this appellant that plaintiff wholly failed to show that Miller, in operating the car in front, and Wagner, in operating the car in the rear, were engaged in any common enterprise, or that either driver had any control over the car driven by the other, or was in any way responsible for the negligence of the other. Counsel are clearly mistaken in saying that there is no evidence of any agreement or understanding between the drivers to operate the cars together, with the Wagner car

behind, to afford light for both, if needed. The coroner holding the inquest testifies that Wagner there said it was agreed "that Miller would start in the lead and Wagner would come along and follow behind, and in case Miller's car went bad, they would have plenty of light." According to the same witness, the defendant William Miller also said, on the same occasion, that he told Wagner to follow on behind, so that, if the lights in the car in front grew dim, they would not be left in the dark. These admissions appear to be nowhere denied. It may be conceded, we think, that the running of the cars in close succession under such an agreement would not show such a common enterprise that the negligence of Miller in managing the car in front would be imputable to Wagner in the rear car; but if, while the two cars were being so operated, pursuant to such agreement or understanding, Miller negligently collided with the buggy, throwing the woman into the road and injuring her, and Wagner, following closely, negligently ran his car upon or over her, thereby contributing to her injury and death, we see no good reason why this negligence on the part of both was not of that concurrent character which will sustain a recovery against both in a single action. This, in substance and effect, was the holding of the trial court, and we concur therein.

The further point, that there is no evidence to sustain a finding that Wagner was negligent, is not borne out by the record. There is testimony clearly tending to show that Wagner, as well as Miller, was driving recklessly and without reasonable care for the safety of others having an equal right with him in the use of the road. According to his own showing, he was 50 yards behind Miller when the collision occurred; he saw it; saw the woman thrown into the road; and, though he tried to stop, did not succeed in doing so until he had passed the

4. NEGLIGENCE: evidence: sufficiency: automobile accident.

wreck a distance of 50 feet. In other words, he shows himself sending his car over the road in the nighttime at such a speed that, although he acted promptly, and his brakes were in good order, it required a distance of 200 feet to make a stop. This estimate is perhaps exaggerated or inaccurate, but even when liberal allowance is made therefor, the fact that he was unable to avoid striking the prostrate form of the woman fairly indicates that the car was moving with great momentum. True, he does not admit that the car did strike her, but the best that he can say for himself in that respect is, "I do not think I struck or came in contact with any of the persons that were in the buggy as I went by." There was other testimony that, on the evening of the accident, and in the presence of the wreck, this defendant admitted that his car "ran over something. He felt it give and came back to see." Indeed, it is difficult to read the record and come to any other conclusion than that the two cars were being run very close together, at a high rate of speed, and that the drivers failed to discover the buggy until too late to turn out and pass in safety, with the result that Miller's car caught and tossed the buggy in a way to throw the deceased violently to the ground immediately in front of the car driven by Wagner, who was following so closely and so rapidly that it was scarcely possible for him to avoid striking her as he went by. The jury evidently adopted this theory, and its verdict cannot properly be overruled by the court. The judgment of the district court as against the defendant Wagner must, therefore, be affirmed.

III. As against the defendant Ira 5. INFANTS: actions: defense without guardian: arresting entry of judgment. Miller, what we have already said makes it sufficiently clear that he was culpably negligent, and, if this were the only point to be considered, we should promptly affirm his appeal, without other or further discussion. Objection is

made, however, that this appellant is a minor, and was not represented or defended by guardian, as required by statute. There was no plea of infancy by appellant, nor was any objection raised on that ground in the course of the trial, but the fact of his age was disclosed in the testimony. The verdict having been returned, the defendant Wagner separately, and the defendants William Miller and Ira Miller jointly, moved the court for a new trial, because of alleged errors appearing in the record, but did not include therein any question as to the minority of the said Ira Miller. This motion having been overruled, Ira Miller moved that judgment on the verdict be arrested and that he be granted a new trial, because of his minority and because no defense had been made for him by guardian. This motion was also denied, and error is assigned thereon.

The question thus presented is the only one upon which there is room for serious debate. Our statute, Code Section 3482, provides that "the defense of a minor *must* be by guardian," and that "no judgment can be rendered against a minor until after a defense by a guardian." Though this matter was not pleaded, it was shown upon the trial that the young man was but 17 years of age. Upon this disclosure's being made, no request or motion for appointment of a guardian for him was made by either party, and the action proceeded to a verdict before any advantage was taken of the omission. Were the defendant of adult years, this omission could well be treated as a waiver of the error, but the same theory or principle which makes an infant incapable of conducting a defense in his own right would seem to necessitate a holding that he is also incapable of waiving the benefit of the statute which provides in mandatory terms that his defense must be by guardian, and that without such defense, judgment shall not be entered against him. This case does not fall within the rule of *Reints v. Engle*, 130 Iowa 726, cited by the appellee. There, the de-

fendant sought to obtain the advantage of an objection of this nature by petition for new trial, filed after the term at which judgment had been rendered against him, and we held that the petition was properly denied, because of his failure to make a showing that he had a good defense to the plaintiff's claim. Code Section 4096. The motion in this case was filed before entry of judgment and within the statutory time after return of the verdict. We see no way to avoid a reversal of the judgment against this defendant. As to him only, the cause will be remanded, with direction to the trial court to appoint a guardian *ad litem* for the said Ira Miller, and proceed to a new trial. The fact of his minority will not, of course, constitute a defense to the plaintiff's claim if the charge of negligence on his part be sustained by the evidence on the retrial; for an infant, no less than an adult, is liable for damages occasioned by his torts.

For reasons stated, the judgment is affirmed as against the defendants William Miller and Roy Wagner, but reversed and new trial ordered as to defendant Ira Miller, —*Affirmed in part; reversed in part.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.