SCOTT, Commissioner of Insurance, v. BRAZILE et ux. (No. 821–4467.)

(Commission of Appeals of Texas, Section A. March 16, 1927.)

1. **Husband and wife** ⚷102—Both husband and wife are liable for torts committed by wife.

When a married woman commits a tort, she, as well as her husband, is liable for damages resulting to another therefrom.

2. **Husband and wife** ⚷105—Both husband and wife may be liable for tort of wife, though connected with contract wife is incapacitated to make.

Though commission of tort by married woman has some relation to contract which she is incapacitated to make because of her coverture, both husband and wife are liable for damages resulting from tort, provided tort and wife's liability arising therefrom may be established independently of her purported contractual obligations.

3. **Husband and wife** ⚷105—Forging of husband's name and uttering of trust deed and notes by wife held to constitute actionable tort.

Where wife forged husband's name to notes and trust deed, wife was liable for amount received on faith that instruments were genuine; forgery and uttering of the instruments constituting actionable tort without regard to contractual liability.

4. **Bills and notes** ⚷313—Where forged notes had been assigned to commissioner of banking and insurance, held that commissioner holding notes had right of action as for tort (Acts 34th Leg. [1st Called Sess. 1915] c. 5, and amendments).

Where notes to which wife had forged husband's name had been assigned to, and deposited with commissioner of banking and insurance, under Acts 34th Leg. (1st Called Sess. 1915) c. 5, and amendments, held that commissioner, holding notes, had a right of action for consider-

ation paid as damages resulting from tort, assignment of cause of action for tort being implied from assignment of notes.

**5. Husband and wife ⊙═⇒238(3)—Judgment against husband and wife for tort of wife should exclude husband's separate property from effect of judgment (Rev. St. 1925, art. 4613).**

Judgment against husband and wife for tort of wife should, in view of Rev. St. 1925, art. 4613, by its terms exclude husband's separate property from operation of judgment.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by M. D. Brazile against John M. Scott, Commissioner of Insurance, and others. Judgment for defendant named on his cross-action against plaintiff and his wife was reversed by the Court of Civil Appeals (273 S. W. 1013), and he brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the district court reformed and affirmed.

Dan Moody, Atty. Gen., C. L. Stone and Riley Strickland, ˙ Asst. Attys. Gen., and Phillips, Trammell & Chizum, of Fort Worth, for plaintiff in error.

Ocie Speer, of Austin, and Hamp P. Abney, of Sherman, for defendants in error.

HARVEY, P. J. This suit was brought by M. D. Brazile against the United Home Builders of America, an unincorporated association; G. G. Wright, its receiver duly appointed by the district court of Dallas county; and John M. Scott, commissioner of insurance of the state of Texas, to cancel a certain deed of trust covering a lot of land in the city of Fort Worth, and to cancel certain notes secured by such deed of trust. In the suit Scott, in his capacity as insurance commissioner, and Wright, in his capacity of receiver for said association, each, among other pleadings, filed a cross-action, in which they sought to recover of M. D. Brazile and his wife, Mrs. Annie Brazile, who was made a party to the suit, the amount of such notes, aggregating $10,474.75; and, in the alternative, sought recovery of damages on account of the forgery, fraud, and deceit committed by Mrs. Brazile, hereinafter stated. Upon the trial the trial court rendered judgment canceling said deed of trust and notes, but rendered judgment against Brazile and wife in favor of Scott, on the cause of action asserted alternatively in his cross-action, for the sum of $6,531.31 damages, being the amount of money actually procured from said association by Mrs. Brazile through forgery, fraud, and deceit, as alleged, together with 6 per cent. interest thereon. The receiver, Wright, was denied recovery on his cross-action.

Briefly stated, the facts, so far as pertinent here, are substantially as follows:

M. D. Brazile and Annie Brazile are husband and wife. Mrs. Brazile forged her husband's name to an application for a loan, and presented same to said association, the United Home Builders of America. The application having been approved, the association caused to be prepared the notes in question, aggregating in amount the sum of $10,474.75. It also caused to be prepared the deed of trust in question, which was to be signed and acknowledged by said M. D. Brazile and his wife to secure the payment of said notes, which were also to be executed by Brazile and wife. After the notes and deed of trust were drawn up, the same were forwarded to Mrs. Brazile for proper execution by herself and husband. She signed her own name to the notes as a maker, and forged the name of her husband thereto as a maker. She then forged the name of her husband, M. D. Brazile, to the deed of trust, as a grantor therein, and went before a notary and ˙acknowledged same, as a single person, under the name of M. D. Brazile. She then went before another notary, and signed her own name to the deed of trust, as a grantor, which notary took her acknowledgment, in due form, as a married woman to such deed of trust. Certificates of acknowledgment, in due form, were made by the respective notaries, and attached to the deed of trust. When said notes and deed of trust had been signed and acknowleged by Mrs. Brazile, in her own proper person, and in impersonation of M. D. Brazile, as above explained, she delivered them to the said association, who, upon faith that such instruments were genuine in all respects, let Mrs. Brazile have thereon sums of money aggregating $5,729.22. Mrs. Brazile's husband had no knowledge of such fraud of his wife or of any of these transactions in which she participated, and did not consent thereto.

The said notes were afterwards, by the United Home Builders, duly assigned to and deposited with the commissioner of banking and insurance of the state of Texas in pursuance of the provisions of chapter 5 of the Acts of the First Called Session of the Thirty-Fourth Legislature and amendments thereto; and the commissioner of insurance (being the successor to the commissioner of banking and insurance) still holds same. G. G. Wright was afterward duly appointed as receiver of said association; and, at the time of the trial of this cause, still was duly acting as such with general power and control over the assets of said association.

[1, 2] Whenever a married woman commits a tort, she, as well as her husband, is liable for the damage resulting to another therefrom. McQueen v. Fulgham, 27 Tex. 467; Zeliff v. Jennings, 61 Tex. 470. Liability for such damage is not affected by reason of the fact that the commission of the tort has some re-

---

⊙═⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lation to, or connection with, a contract which she is incapacitated to make because of her coverture, provided the tort and her liability arising therefrom may be established independently of her purported contractual obligations. Whitney v. McMahan, 111 Tex. 244, 231 S. W. 694; Crawford v. Doggett, 82 Tex. 139, 17 S. W. 929, 27 Am. St. Rep. 859, 30 Corpus Juris, 786; Wirt v. Dinan, 41 Mo. App. 236; Pitcher v. Jones, 40 Mo. App. 583; Kilgore v. Jordan, 17 Tex. 350; Rice v. Boyer, 108 Ind. 472, 9 N. E. 420, 58 Am. Rep. 53; Patterson v. Kasper, 182 Mich. 281, 148 N. W. 690, L. R. A. 1915A, 1221; 38 Cyc. p. 426 et seq.

[3] In the present case, the forgery and uttering of the forged instruments in question by Mrs. Brazile constituted a tort, for which an action lay in behalf of the injured party to recover damages on account of the loss resulting from the tort. Her liability arising from the tort is distinct from any contractual liability which the forged instruments import. The relief sought by the insurance commissioner on account of such tort, which was granted by the court, does not in any degree depend upon the enforcement, either directly or indirectly, of any of the covenants of the purported contract or of any implied liability resulting therefrom; but the cause of action upon which such relief is predicated flowed from the wrong of Mrs. Brazile, which, of itself, is actionable.

[4] Although the cause of action growing out of such tort may be sustained without regard to any contractual liability, still such cause of action, in so far as the resulting damages are measured by the original consideration which was obtained by Mrs. Brazile on account of the tort, has such an incidental connection with the forged notes that an assignment thereof by the association to the insurance commissioner will be implied from the assignment to him of the forged notes; and the commissioner of insurance has the right of action for the recovery of the amount of the original consideration with legal interest, as damages resulting from the tort. City of Parkersburg v. Brown, 106 U. S. 487, 1 S. Ct. 442, 27 L. Ed. 238; Chapman v. Douglas County, 107 U. S. 348, 2 S. Ct. 62, 27 L. Ed. 378; 8 Corpus Juris, 387; 2 R. C. L. 633.

[5] The judgment rendered by the trial court for said sum of $6,531.31 in favor of the commissioner of insurance against M. D. Brazile and Annie Brazile is a general one, and does not, by its terms, exclude the separate property of M. D. Brazile from the effects thereof. Under the provisions of article 4613, Revised Statutes of 1925, the separate property of the husband is not liable for the torts of the wife in which he does not participate. The judgment of the trial court, therefore, should be so reformed as to relieve the separate property of M. D. Brazile from the operation of such judgment in favor of the commissioner of insurance.

We have considered with due care all other contentions of the Braziles, under the various assignments of error presented by them, and the argument of able counsel in support of such contentions. We are of opinion that all such assignments of error should be overruled.

We recommend that the judgment of the Court of Civil Appeals, reversing in part the judgment of the trial court, be reversed, and that the judgment of the trial court be reformed, as above indicated, and affirmed as so reformed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the District Court reformed and affirmed, as recommended by the Commission of Appeals.