Edwin A. Beardsley, Appellee, v. Melvin D. Clark, Appellant; William J. Clark, Appellee.

No. 45193.

December 10, 1940.

Edward J. Dahms, G. P. Linville, and Carl F. Jordan, for appellant.

B. D. Silliman, for appellee.

MILLER, J.—Plaintiff's petition was filed October 5, 1937, and asserted that on August 19, 1937, the defendants were engaged in the business of selling popcorn at wholesale under the trade name of Clark & Clark and on said day entered into a written contract for the sale of such business to the plaintiff for the agreed price of $1,500; the contract was obtained by the defendants through false and fraudulent representations; upon discovering the fraud, plaintiff elected to rescind the contract and gave notice to defendants accordingly; plaintiff offered to return to the defendants all the assets of the business described in the contract. Plaintiff prayed that the contract be declared rescinded, that plaintiff's note and chattel mortgage for $545 be cancelled and declared void and that he have judgment against defendants for the balance of the purchase price. The answer of the defendants was in the nature of a general denial, including affirmative allegations for the purpose of controverting plaintiff's charges of fraud.

Trial was had. The evidence introduced at the trial is not set out in the abstract, but the record presented to us demonstrates that substantial evidence was introduced, the trial consuming several days time. After the cause was finally submitted, on December 16, 1937, the court entered a decree determining that the equities were with the plaintiff and that the contract of sale was procured by the defendants as the result of fraud, false representations; the contract of sale was cancelled and rescinded; judgment was entered against the defendant Melvin D. Clark for the sum of $755, he was ordered to return to plaintiff his note and mortgage in the sum of $545 and, upon failure to return such note and mortgage, plaintiff was to have additional judgment in the sum of $545, or a total judgment of $1,300; plaintiff was ordered to return the property covered by the contract upon satisfaction of the judgment, but was given a lien thereon for the judgment, as provided by law.

On January 4, 1938, upon motion by plaintiff, a supplemental judgment was entered, by reason of failure of said de-

fendant to return the note and chattel mortgage, for the additional sum of $545 pursuant to provision in the original decree.

The original decree was entered during the November 1937 term of court. The supplemental decree was entered at the January 1938 term of court. Neither defendant appealed from either decree but, thereafter, and at the March 1938 term of court, on March 22, 1938, the defendant Melvin D. Clark, through his father and next friend, defendant William J. Clark, filed a petition to vacate and modify the judgment, asserting in support thereof that he was a minor, 19 years of age; he would become 20 years of age on March 28, 1938; the judgment is voidable because during the trial no guardian ad litem was appointed and no defense made by a legal guardian as required by statute; said defendant had a good defense ''in that he is a minor which plaintiff knew at the time of the executing of the contract involved and that any obligations of this defendant were voidable and all liability on the minor's part terminated and this defendant, the said minor, elects to disaffirm all contractual obligations thereunder''. Said defendant prayed that the judgment against him be vacated and a new trial granted. In answer to such petition to vacate the judgment, the plaintiff challenged the sufficiency of the petition and also asserted matters in the nature of waiver and estoppel.

Hearing was had on the petition to vacate. Considerable testimony was taken and is set out in the abstract. We do not undertake to review it because the facts are undisputed on the issues, which determine this appeal. At the close of the testimony, the court entered an order on July 18, 1939, which dismissed the petition to vacate the judgment. On September 16, 1939, the defendant Melvin D. Clark appealed therefrom to this court.

In seeking a reversal of the order appealed from herein, appellant asserts that the judgment should have been vacated because it appears that it was rendered against a minor, for whom no guardian had been appointed and no defense had been made by a guardian; a minor, after disaffirming a contract, is not required to restore any property which he does not have in his possession; no judgment can be rendered against a minor until after a defense by a guardian; the judgment so entered is void

and disregards the rule that a minor can disaffirm his contract and must return only such portion of the plaintiff's property as he has in his possession at the time of disaffirmance. We find no merit in such contentions.

The entry of judgment against appellant while a minor, without a defense having been made by a guardian, did not render the judgment void but only voidable, and appellant was not entitled to have a new trial unless he showed that he had a good defense to the action. This is clearly demonstrated by the case of Reints v. Engle, 130 Iowa 726, 107 N. W. 947. In that case, a judgment had been recovered against a minor without a defense being made by a guardian. Thereafter a petition for new trial was filed, asserting this fact as ground therefor. The new trial was denied and on appeal the decision was affirmed, this court stating, 130 Iowa 726, 728, 107 N. W. 947, as follows:

"To justify the court in setting it aside, our statute requires, not only that the irregularity in the rendition of the judgment shall be made to appear, but it must also be found and adjudged that there is a valid defense to the action in which such judgment was rendered. The agreed statement of facts wholly fails in this latter respect. It shows simply that on the trial of the principal cause the defendant pleaded in denial of the plaintiff's petition, but states no fact on which to base a finding by the court that a defense in fact existed to the claim sued upon. It has often been held that a judgment which is merely voidable or irregular is not to be vacated until after a hearing of the alleged defense on its merits. Code, sections 4049, 4096; Brewer v. Holborn, 34 Iowa 473; Russell v. Pottawattamie, 29 Iowa 256; Miracle v. Lancaster, 46 Iowa 179; Dryden v. Wyllis, 51 Iowa 534; Bank v. Dixon, 105 Iowa 148. There is no such showing here. The minority of the appellant was no defense to the claim for damages, and, while it is conceded that a denial to such claim was pleaded, there is, as already suggested, no allegation or proof tending to sustain the truth of the answer, or to indicate that justice required the reopening of the case for another trial."

Pursuant to the foregoing, the appellant was required not only to show that he was a minor and that no defense was made in his behalf by a guardian, but also that he had a good

defense to the action, before he would be entitled to a new trial. The principal defense asserted in this court is that the action is ex contractu, appellant had the right to disaffirm the contract upon reaching his majority pursuant to the provision of section 10493 of the Code, 1939, and need restore only such property received by virtue of the contract as remains in his hands at the time of disaffirmance. We find no merit in this contention.

The fatal defect in the argument of appellant lies in the fact that the action involved herein was not ex contractu but ex delicto. The distinction is pointed out in 27 Am. Jur. 812, by the following language:

"Although, as hereinbefore stated, the general rule applicable to contracts is that the infant may avoid liability thereon, the general rule in the law of torts is that he is absolutely liable. * * * Infancy, being in law a shield and not a sword, cannot be pleaded to avoid liability for frauds, trespasses, or torts."

This court has repeatedly recognized that a minor is liable for his torts. One such case was that of Reints v. Engle, supra, hereinbefore quoted from. Another such decision is that of Daggy v. Miller, 180 Iowa 1146, 162 N. W. 854. In the latter case, the judgment was directly attacked within the statutory time after verdict and this court distinguishes the case from the rule of Reints v. Engle, supra, applicable herein. But we also state, 180 Iowa 1146, 1156, 162 N. W. 854, 857, as follows:

"The fact of his minority will not, of course, constitute a defense to the plaintiff's claim if the charge of negligence on his part be sustained by the evidence on the retrial; for an infant, no less than an adult, is liable for damages occasioned by his torts."

We do not find any decision of this court involving the exact proposition here presented, but the case of Patterson v. Kasper, 182 Mich. 281, 148 N. W. 690, L. R. A. 1915A, 1221, appears to be directly in point. In that case, the plaintiff purchased a horse from Joseph Kasper, a minor, and Tyler Georgia, an adult, upon the representation of both of them that the horse was sound and all right. The horse turned out to be a vicious kicker. When plaintiff discovered this, he returned the horse to

the defendants and demanded the return of his money. The demand being refused, suit was commenced to recover it. Upon a motion for a new trial, the court held that no recovery could be had against the defendant Kasper by reason of his infancy. On appeal this holding was reversed, the court stating, 182 Mich. 281, 282, 148 N. W. 690, L. R. A. 1915A, 1221, 1223, as follows:

"The rule is general that infants are liable for their torts in the same manner as adults. 22 Cyc. p. 618. But it is argued by defendants that this is a 'matter arising ex contractu, and, even though it be infected with fraud, it cannot be changed into a tort in order to charge the infant by a change of remedy.' In a case like the present one it is said a safe test to apply is: 'Can the infant be held liable without directly or indirectly enforcing his promise?' Rice v. Boyer, 108 Ind. 472 (9 N. E. 420, 58 Am. Rep. 53). The plaintiff is not suing on the contract, nor is he relying thereon as he would have done had he affirmed the contract and brought an action for damages based upon the fraud of the defendants. He has, on the other hand, rescinded the contract, and he is now engaged in an effort to reclaim his money which found its way into defendant Kasper's hands through the false and fraudulent representations of both defendants. Measured by the foregoing test, there would seem to be no sufficient reason why a recovery should be denied on this ground. * * *

" 'It would be a reproach to the law, if a minor, when arrived to years of manhood, were to be allowed to escape from the payment of what is due, by the plea that he had stolen the money demanded of him when under age.' "

We are in accord with the principles announced in the above quotation. They have been recognized and applied in former decisions of this court.

In the case of Nolan v. Jones, 53 Iowa 387, 389, 5 N. W. 572, 573, we hold that, in a replevin action against a minor, a purported contract of sale could be avoided on the grounds of fraud, stating as follows:

"He had parted with the possession under a supposed contract of exchange. He avers, in substance, that the defendant

relies upon such contract, but that his pretenses in regard to the existence of such contract are false. He does not expressly aver that he was induced to make the exchange by fraud, but he does negative the validity of the contract, and we think it was proper for him to introduce evidence to show that the pretended contract was void. * * *

"But the plaintiff's case proceeds upon the theory that there was no sale, and if what he offered to prove was true, there certainly was none, unless the law is that fraud by a minor in procuring a contract will not vitiate it. Our attention has been called to no case where such doctrine has been held, and such, we think, is not the law."

The decree, entered herein, determined that the purported contract was invalid because of appellant's fraud. This was a proper exercise of equitable jurisdiction. In Rathbun v. Baumel, 196 Iowa 1233, 1238, 191 N. W. 297, 299, 30 A. L. R. 216, 220, we state:

"It is a fundamental proposition that fraud in the procurement of any written instrument vitiates it in the hands of one seeking to benefit thereby. Likewise, it is one of the functions of a court of equity to set aside and hold for naught any written instrument that has its inception in fraud. Also, it is an established maxim that one cannot lawfully profit by his own wrong. One of the most important functions of a court of equity is to inquire into the validity of written instruments that are impeachable for fraud."

In Kearney Milling etc. Co. v. Union Pac. Ry. Co., 97 Iowa 719, 725, 66 N. W. 1059, 1061, 59 Am. St. Rep. 434, 439, we state: "The election to rescind waives the right to sue on the contract. Tiff. Sales, 120, 121." When plaintiff herein elected to rescind the contract, he elected to declare it void. The action herein is not based upon the contract. It is based upon fraud which invalidated the contract. That fraud was not a part of the contract, did not grow out of the contract and did not result from the contract. The action herein is not ex contractu. It is purely ex delicto. Fitts v. Hall, 9 N. H. 441. See also

annotation note, 57 L. R. A., pages 675 to 680.   Such being the case, there is no merit in appellant's contentions.

Another contention of appellant is that the plaintiff, after discovery of the fraud, exercised such dominion and control over the property covered by the contract as would estop him to demand rescission.   The pleadings in reference to this contention are contained in the abstract.   Such evidence as may have been offered to support the allegations is not before us.   Accordingly, we cannot pass upon this contention.

By reason of the foregoing, the order appealed from is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.