SAMUEL SHAW, administrator, *vs.* FRANKLIN COFFIN.

*Infant—liability of.*

An infant is liable in assumpsit for money stolen, and for the proceeds of property stolen by him, and converted into money.

ON REPORT.

ASSUMPSIT to recover the amount of a note for $450, and an order for $50, given by the defendant to the plaintiff's intestate on Dec. 30, 1847.

The writ was dated March 28, 1864, and contained counts on the note and order, and one for money had and received.

The defendant pleaded the general issue, which was joined, and by brief statement alleged that the defendant was an infant when the note and order were given; and that they were given under duress, and without consideration.

It appeared that the defendant, and a minor son of Elijah Wood, jr., the plaintiff's intestate, on the night of the 8th of Sept., 1847, took from the barn and stable of the plaintiff's intestate, in Palermo, a valuable horse, carriage, and harness, property of the intestate, and three hundred dollars of money from the intestate's desk, and went to Canada, where the carriage and harness were sold for one hundred dollars, which was paid to the defendant; that the horse was returned; that the thieves went thence to Waukesha, Wisconsin, where they kept a small grocery store, under the names of Smith and Brown; that the plaintiff's intestate sought for and found them at Waukesha, when the defendant admitted the larceny, and gave the note and order in suit; and that the defendant was born June 2, 1829.

It also appeared that the defendant returned to this county, and remained here some six months, during the latter part of 1853, and the fore part of 1854, when and where his wife died; that he then returned to his residence in Coles county, Illinois, where he has resided most of the time ever since, and where he resided at the time of the trial of this action; that he has been in this county several times since he first went away.

There was some evidence tending to show that the note and order were given under duress, and other testimony that they were not.

There was evidence of a demand when the note and order were given.

*D. D. Stewart*, for the plaintiff, cited *Bristow* v. *Eastman*, 1 Esp. 172; 1 Am. Lead. Cas. 262 ; *Young* v. *Marshall*, 8 Bing. 43; Story on Cont. (1st ed.), § 45; Chit. on Cont. 34; 2 Kent's Com. 241; Reeve's Dom. Relations, 246; *Elwell* v. *Martin*, 32 Verm. 217; *Towne* v. *Willey*, 23 Verm. 359; *Walker* v. *Davis*, 1 Gray, 508; 2 Greenl. on Ev., § 368; *Homer* v. *Thwing*, 3 Pick. 494; *Howe* v. *Clancey*, 53 Maine, 130; *Boston & W. R. R. Co.* v. *Dana*, 1 Gray, 83.

*William Folsom*, for the defendant, cited 2 Kent's Com. 240, 241,

and cases cited in note b; Oliver's Prec. 117, and cases there cited, viz., *Moses* v. *McFarland*, 2 Bur. 1005 ; *De Hireland* v. *Bauerback*, 1 Camp. 52.

APPLETON, C. J.   The defendant, while a minor, having stolen money and other property of the intestate, which he converted into money, settled with him for the sums thus tortiously obtained, by giving his promissory note therefor.

This action is for the moneys stolen, and for the note given on settlement of the same.

The note given by the defendant, when a minor, has not been ratified.   The note of an infant, given on the adjustment of an account against him, is voidable.   It is equally voidable, though given on a settlement for damages arising from his torts.   The defendant, having avoided his note by the plea of infancy, the plaintiff is remitted to his original cause of action, as existing before the settlement by the defendant.

It is well settled that an infant is liable in the appropriate form of action for his torts.   He would, therefore, be held in an action of trover for money stolen.

Is an infant liable on assumpsit for money stolen, or for the proceeds of stolen property when converted into money ?   The thief of full age is so liable.   The owner of property stolen, and converted into money by the thief, may maintain assumpsit against him for money had and received.   *Howe* v. *Clancey*, 53 Maine, 130 ; *B. & W. R. R. Co.* v. *Dana*, 1 Gray, 83.   The reasons upon which these decisions rest apply equally to the minor as to the adult.   If the minor is liable for his torts, it is immaterial to him in what form of action recompense is sought.   If for the purposes of justice the tort may be waived in the case of the adult, and assumpsit maintained, it can, to accomplish the same great purpose, be equally well waived as to the minor.   It would be a reproach to the law, if a minor, when arrived to years of manhood, were to be allowed to escape from the payment of what is due, by the plea that he had stolen the money demanded of him when under age.   In *Walker*

v. *Davis*, 1 Gray, 506, Thomas, J., says, " The defendant obtained the possession of her (the cow), by fraud, a fraud to which infancy would constitute no defense. Supposing no contract to have been made, the plaintiff then had the election to bring his action for the tort, or, as the cow had been sold before the note became due, to waive the tort and bring assumpsit." In *Towne* v. *Willey*, 23 Verm. 359, referring to the liability of infants for torts, Redfield, J., in delivering the opinion of the court, says: " In all the cases, then, upon this subject, it will be found that the courts profess to hold infants liable for positive, substantial torts, but not for violations of contracts merely, although by construction the party claiming redress may be allowed, by the general rules of pleading, to declare in tort or contract at his election." The precise question here presented arose in *Elwell* v. *Martin*, 32 Verm. 217, and the court there held that the defendant was liable in assumpsit for money tortiously taken by him during his infancy.

The plaintiff proves a demand on 30th Dec., 1847, from which time the defendant is liable to pay interest.

*Judgment for the plaintiff for $400,*
*and interest from Dec. 30, 1847.*

CUTTING, KENT, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.