MATLOCK, Appellant, v. WILLIAMSVILLE,
GREENVILLE & ST. LOUIS RAILWAY
COMPANY.

**Division Two, July 3, 1906.**

1. **NEGLIGENCE: Child: Emancipation.** The right of the parent
to recover damages for the negligent killing of his minor child
in no sense depends upon the emancipation of the child by
the parent prior to the entering of the child into defendant's
employment. The parent's right to recover is not dependent
upon services which the deceased child might have rendered
to his parent.

2. ———: ———: **Age: Misrepresentation.** The fact that a minor
applicant for employment untruthfully represented himself to
be of age in order to secure employment and that such misrep-
resentation was believed by his employer, will not bar the min-
or servant from recovering for injuries which the employer
negligently inflicted upon him.

3. ———: ———: ———: ———: **Transmitted Action.** When a
minor is negligently killed by his employer, the fact that the
boy untruthfully represented himself to be of age in order to
obtain employment, and that the employer accepted his em-
ployment relying upon his representation, will not bar a suit
by the boy's father to recover the damages allowed him by the
statute for the negligent killing of a minor child.

4. ———: ———: ———: ———: **Estoppel.** Nor is the action
for damages by the boy or parent in such case barred by es-
toppel because of untruthful representations as to his age in
order to obtain employment and because his employer relied
thereon and would not have given him employment had he
known he was a minor. The action is one of tort, and does
not arise out of a violation of contractual relations. The plea
in estoppel in such case means that the employer would not
have employed the boy had he known he was a minor because
he could not then have negligently killed him.

5. **APPEAL: No Index to Abstract: Dismissal.** Where the only
objection to appellant's abstract was a failure to index it, and
that defect he supplied before the motion to dismiss the ap-
peal was heard, and that motion was then overruled, subse-
quent assaults on the abstract are out of time.

Appeal from Wayne Circuit Court.—*Hon. Frank R. Dearing,* Judge.

REVERSED AND REMANDED.

*O. L. Munger* and *C. M. Hay* for appellant.

(1)   The case falls under section 2864, Revised Statutes 1899.   Miller v. Railroad, 109 Mo. 361; Sullivan v. Railroad, 97 Mo. 113; Rinard v. Railroad, 164 Mo. 270.   (2)   The right to bring an action of this sort is founded upon the relation of parent and child and not that of master and servant; it is the right of the father and mother or father or mother to recover damages which the son might have recovered had he survived the injury.   Hennessy v. Brewing Company, 145 Mo. 104; Crockett v. Transfer Company, 45 Mo. 564; Proctor v. Railroad, 64 Mo. 112; Sharp v. National Biscuit Company, 179 Mo. 553.   (3)   This section, as well as being compensatory, is of a penal or police nature, and can, without objection, subserve both purposes at one and the same time.   Philpott v. Railroad, 85 Mo. 164; Marsh v. Railroad, 104 Mo. App. 583.   (4) "The right to recover is, therefore, not made to depend upon the services which the deceased could have rendered to the persons suing.   The emancipation of the son by the parent if alleged and proved constitutes no defense."   Philpott v. Railroad, supra.

*Gamble, Petherbridge & Taylor* for respondent.

The giving of the instruction complained of did not constitute error.   11 Am. and Eng. Ency. Law, 421, 427, 428, 431.

GANTT, J.—This is an action brought by Jason L. Matlock against the defendant railway company for damages to the amount of $5,000, under section 2864, Revised Statutes 1899, for the killing of plaintiff's minor son.

The deceased was at the time of his death eighteen years and eight months old, and unmarried. The plaintiff is his sole surviving parent. The defendant is a railroad company owning and operating a line of railroad in Wayne county, Missouri. Deceased at the time of his death and for two weeks prior thereto, was in the employ of the defendant company as a brakeman on a log train running out to the woods from Greenville. While at his post of duty on said train, on the 24th day of April, 1901, he was killed, and this action is instituted for the damages arising to his father from his death.

There was evidence tending to show that the death of the son of plaintiff was the result of negligence and unskillfullness of the defendant's conductor in charge of the train, but it is unnecessary to set forth the evidence on this point for the reason that the only point alleged by plaintiff on this appeal is the alleged error of the court in giving the following instruction:

"The court instructs the jury that if you believe from the evidence that the son of plaintiff fraudulently represented himself to be twenty-one years of age in order to secure employment as a brakeman on defendant's railroad, and further find from the evidence that prior to his employment on the railroad, plaintiff had permitted him to be employed by the lumber company at Greenville, and had permitted him to receive his wages for such work without objection, and if you further find the defendant's superintendent believed the statement and representation of said son of plaintiff that he was of age, and further find that plaintiff learned of such before the death of his son and made no objection to said employment by defendant railroad company, then in that event, the plaintiff is not entitled to recover."

There was evidence tending to prove that the deceased Jason Matlock did represent himself to be

twenty-one years of age for the purpose of securing employment from the defendant railroad, and that this representation was believed by the defendant's superintendent. There was also evidence that prior to his employment by the defendant, the deceased worked for the Holliday-Klotz Land & Lumber Company, and received a greater part of his wages therefor without any objection on the part of his father, the plaintiff herein. There was evidence also that the plaintiff learned of his son's employment as brakeman about four or five days before the latter's death, and in the interim made no objection to the same.

This action is predicated on section 2864, Revised Statutes 1899, which provides that: "Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant, or employee whilst running, conducting or managing any locomotive, car or train of cars . . . the corporation, individual or individuals in whose employ any such officer, agent, servant . . . or employee shall be at the time such injury is committed, or who owns any such locomotive . . . at the time any injury is received resulting from or occasioned by any . . . unskillfulness, negligence or criminal intent above declared, shall forfeit and pay for every person so dying, the sum of five thousand dollars, which may be sued for and recovered . . . if such deceased be a minor and unmarried . . . by the father and mother, who may join in the suit . . . or if either of them be dead, then by the survivor."

I. It is obvious that by this instruction the court directed the jury to pass upon issues entirely separate from the question of negligence charged in the petition, and made it possible for the jury to reach a verdict against the plaintiff without taking into consideration any other testimony than that bearing directly upon the questions of misrepresentation as to his age by the

deceased or his emancipation by the plaintiff. If the jury believed that the plaintiff had in legal effect emancipated his son, and that the deceased had falsely represented himself to the defendant superintendent to be twenty-one years old for the purpose of securing employment, then the plaintiff could not recover, whatever the jury might have found as to the defendant's conduct towards the deceased. The issue of negligence was practically eliminated from the case. That this instruction, in so far as it was predicated upon the emancipation of plaintiff's son by the plaintiff as a defense to this action was erroneous, was settled by this court in Philpott v. Railroad, 85 Mo. 164. The right to recover is not made to depend upon services which the deceased could have rendered to his father. As said by Judge BLACK in the Philpott case, the statute as well as being compensatory is also of a penal and police nature. [King v. Railroad, 98 Mo. 235.]

Did the misrepresentation that the plaintiff's son was twenty-one years old bar the father's action? The established rule in this State is that the act under which this suit is brought was designed to transmit a right of action which but for the section would have ceased to exist or would have died with the person; that is, when a person dies from one of the acts defined in the statute which would have entitled such person to sue had he lived, such cause of action may be maintained by certain representatives of the deceased notwithstanding the death of the party receiving the injury. [Proctor v. Railroad, 64 Mo. 1. c. 119 and 120.] The right to bring an action of this sort is founded upon the relation of parent and child and not that of master and servant. It is the right of the father in this case to recover damages which his son might have recovered had he survived the injury. [Hennessy v. Bavarian Brewing Co., 145 Mo. 104.] The large question then involved in this proposition is, would the plaintiff's son have been barred from recovery had

he survived the accident; in other words, will the fact that a minor applicant for employment untruthfully represents himself to be of age in order to secure employment and such representation is believed by his employer, bar him from recovering from any and all injuries which his employer negligently may inflict upon him? Will the employer be heard in a court of justice to say that his negligence only injured the boy when he thought he was injuring a man? It may be conceded for the sake of argument that the boy owing to his representation that he is a man is only entitled to a man's protection and not to the higher duty which his employer would owe to a minor, but surely it cannot be said that the boy, despite his misrepresentation, is not entitled to some protection. Upon what principle can it be said that if the master on account of his negligence would be liable to his servant if he was a man, he should entirely escape all liability because his servant was only a boy, and had represented himself to be a man? If the defendant had no right negligently to kill a man, certainly it had no right to kill a boy by the same negligence because it believed him to be a man. But the contention is that if the plaintiff's son had been an adult, the statute would give no right to the plaintiff, his father, to recover, and owing to the misrepresentation, the plaintiff is estopped from asserting that his son was a minor. Bluntly stated then this contention would amount to this: if the defendant had known that plaintiff's son was a minor it would not have employed him, because it could not then have negligently killed him without being liable over to his parent.

The exemption claimed rests only on a plea of estoppel. To constitute an estoppel *in pais* there must be, first, a representation inconsistent with the evidence proposed to be given or the claim offered to be set up; second, action by the other party upon such statement; third, an injury to the party acting upon the represen-

tation by allowing the representation to be disproved. All that the misrepresentation of the deceased led defendant to do, was to employ him as a servant. It is not asserted that the boy in any way did not faithfully perform his contractual duties. No breach of his contract is involved in this case. It is an action of tort. At common law, ''even the fact that the other party was induced to enter into the contract by the infant's misrepresentation that he was of age, would not estop the infant from afterwards repudiating it though he might be liable in tort for his fraud.''   [16 Am. and Eng. Ency. Law (2 Ed.), 291, 292.]  Conceding that defendant would not have employed plaintiff's son if he had not misrepresented his age, and that it acted upon his representation and employed him and put him to work as an adult, still this will not meet the contention of defendant or justify the instruction, because defendant can only assert that relying upon the minor's misrepresentation it proceeded to do some act which was lawful for it to do, not that it proceeded negligently to kill the boy, as it would have no right to kill a man servant negligently. Moreover, this is the father's action and he did nothing to estop him.

We are of opinion that the instruction was bad on both propositions, that of emancipation and of misrepresentation. Neither affords defendant any exemption for the negligence alleged if it was guilty of it. It follows that the giving of this instruction was an error for which the judgment must be and is reversed.

The defendant's brief is devoted almost wholly, if not entirely so, to the insufficiency of the plaintiff's abstract. We ruled on those matters orally. We repeat that the only objection made by defendant to the abstract in the first instance was the failure to index it. Plaintiff supplied that before the motion was heard and that motion was overruled. Plaintiff then of his own motion supplied other defects.  The subsequent assaults on the abstract were wholly out of time and we

see no reason for changing our rulings on the sufficiency of the abstract, though we in no manner approve of the style of it.

Judgment reversed and cause remanded.

*Burgess, P. J.,* and *Fox, J.*. concur.