BOSHAW *v.* J. J. NEWBERRY CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FRAUD.
   Injured employee is entitled to compensation under workmen's compensation act notwithstanding he secured employment through fraud or misrepresentation as to his physical condition, former discharge, age, etc.

2. INFANTS—LIABILITY FOR FRAUD.
   Minor is liable to one whose property he has obtained by false representations.

3. MASTER AND SERVANT—RIGHTS UNDER WORKMEN'S COMPENSATION ACT BASED ON CONTRACT.
   Rights of respective parties under workmen's compensation act are fundamentally based on contract of employment.

4. SAME—MINORS MAY CONTRACT FOR EMPLOYMENT.
   Workmen's compensation act recognizes ability of minors to enter into employment contracts (2 Comp. Laws 1929, § 8413).

5. SAME—MINORS—FRAUD—DOUBLE COMPENSATION.
   Minor falsely representing age to be over 18 years, resulting in illegal hiring because employer failed to obtain permit required by 2 Comp. Laws 1929, § 8325, should not be permitted to recover double compensation for injury received in such employment, under section 8413, in view of provision therein that employee who makes fraudulent use of permit shall not be awarded double compensation.

6. SAME—SINGLE COMPENSATION.
   Relationship of employer and employee is not affected by fact that employment was obtained by minor by misrepresentation as to age, but in such case employee is entitled to single compensation only.

On fraudulent misrepresentations by infant to induce contract, see annotation in 57 L. R. A. 675; 35 L. R. A. (N. S.) 574; 67 A. L. R. 1264.
On liability of master for injuries to minor servant who secures employment by misrepresenting his age, see annotation in 20 L. R. A. (N. S.) 500; 25 L. R. A. (N. S.) 708; 42 L. R. A. (N. S.) 624; L. R. A. 1915 F, 1082.

(333)

7. SAME—WORKMEN'S COMPENSATION ACT DEPARTURE FROM COM-
MON LAW.

　　Workmen's compensation act is entire departure from common
　　law in so far as it pertains to rights and duties of employer
　　and employee.

8. SAME—MINORS—FRAUD—ESTOPPEL.

　　Minor securing employment by misrepresenting her age to be
　　over 18 years is estopped by her own fraud from being
　　awarded double compensation under 2 Comp. Laws 1929,
　　§ 8413, for injury received in such employment, where
　　employer acted in good faith, and failed to obtain permit
　　required by section 8325 because of said misrepresentation.

Appeal from Department of Labor and Industry.
Submitted April 21, 1932. (Docket No. 142, Cal-
endar No. 36,351.) Decided June 7, 1932.

Marguerite Boshaw presented her claim against
J. J. Newberry Company, employer, and Southern
Surety Company of New York, insurer, for an acci-
dental injury. From an award of double compen-
sation, defendants appeal. Order reversed and re-
manded for entry of single compensation.

*Walsh, Walsh & O'Sullivan,* for plaintiff.

*Austin J. Spalding,* for defendants.

NORTH, J. Plaintiff, while an employee of the de-
fendant, sustained a compensable injury. From an
award of double compensation defendant has ap-
pealed. The sole question presented is whether
plaintiff is entitled to single or double compensation.

When plaintiff applied to defendant for employ-
ment she was required to answer in writing a num-
ber of questions contained in a printed form used
by defendant. In part it reads:

"Full name: Luva Marguerite Boshaw.   Nationality: American.   Street and No.: 1035 Gillett St. City: Port Huron.   State: Michigan.   Phone: 3889. Age: 18.   Born Mo., August; Day, 7; Year, 1911. Married or single: Single.   Height: 5 feet 3.   Weight: 125.''

Plaintiff's statement in the above-quoted application that she was .18 years of age was false.   She was then only 15 years of age.   The application from which the quotation is taken was so prepared that it was supposed to be signed by the applicant.   While plaintiff wrote in the respective answers, she did not sign her name at the conclusion.   Instead, the manager of defendant's store, Mr. F. Mathewson, signed his name to plaintiff's application.

.The issue presented is whether an employer, who, acting in good faith, is deceived by a deliberate false statement as to the age of a minor applicant for work and in consequence thereof enters into a contract of employment which if knowingly made would have rendered the employment illegal, can be compelled to pay double compensation in the event the minor sustains a compensable injury while so employed.   The employer here is not charged with bad faith or even with failure to exercise reasonable care to ascertain the age of plaintiff when she was employed.   But plaintiff asserts defendant is liable for double compensation under the statute, which provides:

"It shall be the duty of * * * any person coming within the provisions of this act to keep a register in which will be recorded the name, birthplace, age, and place of residence of every person employed under the age of eighteen years and it shall be unlawful for any such establishment or person to hire or employ * * * any child under the age of eighteen

years without there is first provided and placed on file in the business office thereof a permit or certificate. * * * Every employer complying with the provisions of this section shall be at liberty to employ the person so presenting the permit or certificate hereinbefore referred to, and is justified in considering and treating such person as of the age shown in such permit or certificate and shall not be liable, if it transpire that such person is under the age represented in such permit or certificate, to any greater extent than such employer would be liable if such person were of the age represented.'' 2 Comp. Laws 1929, § 8325.

''Provided, That any minor under eighteen years of age whose employment at the time of injury shall be shown to be illegal shall, in the absence of fraudulent use of permits or certificates of age, in which case only single compensation shall be paid, receive compensation double that provided elsewhere in this act.'' 2 Comp. Laws 1929, § 8413.

Because plaintiff misrepresented her age, defendant did not obtain the permit or certificate required by the statute. Had plaintiff been 18 years of age, as she represented, defendant would have been under no obligation to obtain such permit or certificate. By plaintiff's deceit defendant was tricked into an apparent violation of the statute; and in consequence thereof plaintiff is now asking that she be awarded double compensation instead of single compensation. The injustice of such a claim is so obvious that it should not be sustained unless necessitated by the statutory provisions. While the instant case is not literally covered thereby, it is of interest to note that the statute expressly provides that an employee who makes ''fraudulent use of permits or certificates of age'' shall not be awarded double compensation (section 8413). We think this provision of the statute clearly indicates an intent on

the part of the legislature to protect an employer from a double award of compensation, if, without his fault, he is deceived by the minor applicant as to his age. In *Ganga* v. *Ford Motor Co.*, 250 Mich. 247, Justice Butzel said:

"It further provides that minors under 18 years of age shall be entitled to double the amount of the compensation provided for, unless they have secured the employment fraudulently, in which event they shall receive only single compensation."

See Justice Potter's opinion in *Thomas* v. *Morton Salt Co.*, 253 Mich. 613, 624.

While in Federal decisions there seems to be a trend to the contrary (see *Minneapolis, etc., R. Co.* v. *Rock,* 279 U. S. 410 [49 Sup. Ct. 363]) ; the weight of authority in State courts sustains the right of an employee to compensation notwithstanding he secured the employment through fraud or misrepresentation as to his physical condition, former discharge, age, etc. *Denver, etc., R. Co.* v. *Reiter,* 47 Colo. 417 (107 Pac. 1100) ; *Plick* v. *Toye Bros. Auto & Taxicab Co.*, 13 La. App. 525 (127 South. 59) ; *Matlock* v. *Railway Co.*, 198 Mo. 495 (95 S. W. 849, 115 Am. St. Rep. 481) ; *Havey, Admr.*, v. *Railroad Co.*, 87 N. J. Law, 444 (95 Atl. 124) ; *Kenny* v. *Railway Co.*, 166 App. Div. 497 (152 N. Y. Supp. 117) ; *Darnley* v. *Railway Co.*, 14 B. C. R. 15. *Contra,* see *St. Louis, etc., R. Co.* v. *Brantley,* 168 Ala. 579 (53 South. 305). This view adhered to by the weight of authority is evidently the outgrowth of a liberal interpretation of compensation acts, and seems to be sound, for the reason that, notwithstanding the deceit of the employee, still it may be said the employer knew he had the particular employee in his service, and both parties knowingly contracted with reference to the compensation law. Further, in

some cases it is noted that the misrepresentation was not the cause of the accident in consequence of which compensation was sought. See *Plick* v. *Toye Bros. Auto & Taxicab Co., supra.* Our recent decision in *Ganga* v. *Ford Motor Co., supra,* is in accord with the prevailing authorities above cited. But in so holding, it would seem that this court, as well as the courts of other jurisdictions, has reached the limit of liberality, and to go further would be to put a premium on dishonesty.

In the instant case, defendant knew plaintiff was its employee, and that both were subject to the compensation act. If the employee suffered a compensable injury both knew she would be entitled to compensation. But defendant did not know nor have any reason to suspect that in the event of such injury it would be liable for double compensation, and such a claim could not have been asserted except for plaintiff's fraud and deceit. It is fair to assume that, because of plaintiff's false statement in regard to her age, defendant understood there was no occasion for its securing the permit or certificate required by the statute when minors under 18 years of age are employed. It is this circumstance alone and of which defendant had no knowledge that enables plaintiff to assert her claim for double compensation. A more glaring attempt by a wrongdoer to profit by the wrong perpetrated is difficult to conceive; and courts cannot give such misconduct their stamp of approval. In *Patterson* v. *Kasper,* 182 Mich. 281 (L. R. A. 1915A, 1221), we quoted with approval from *Shaw* v. *Coffin,* 58 Me. 254 (4 Am. Rep. 290), the following:

"It would be a reproach to the law, if a minor, when arrived to years of manhood, were to be allowed to escape from the payment of what is due, by

the plea that he had stolen the money demanded of him when under age.''

A minor is liable to one whose property he has obtained by false representation. *Patterson* v. *Kasper, supra.* If such is the law, it would be little short of judicial somnambulism to hold that plaintiff, in consequence of her alleged illegal employment, procured solely by her own fraud and deceit, could recover double compensation from the one upon whom she perpetrated the fraud. To be consistent, the court, in following the *Patterson Case,* would necessarily hold that money which the minor employee thus fraudulently obtained in turn could be recovered from the minor in an action by the employer.

We have repeatedly held the rights of the respective parties under the workmen's compensation law are fundamentally based upon the contract of employment. The compensation act recognizes the ability of minors to enter into employment contracts. 2 Comp. Laws 1929, § 8413. In the case at bar the only contract of employment was one in which defendant hired a minor past 18 years of age. Incident to such a contract, no double liability is provided in the statute. Plaintiff ought not to be awarded double compensation on the basis of a contract she did not make; especially since her own false representation as to her age resulted in defendant not complying with the statutory provisions which would have saved it from double liability in the event of a compensatory injury to plaintiff.

The controlling factor here is that plaintiff's fraud and deceit was the sole cause from which arose the condition in consequence of which she now asserts a right to double compensation, and this condition was at all times unknown to her employer until after

the accident occurred. The relationship of employer and employee was not affected by the fact that the employment was obtained by misrepresentation. *Ganga* v. *Ford Motor Co., supra.* This is true, because, notwithstanding the misrepresentation, the fact of employment was known to both parties. The status of employer and employee existed. It follows that the plaintiff in the instant case as an employee is entitled to single compensation. But the defendant employer did not know of a contingent double liability to plaintiff and except for the fraud she perpetrated it could not have been charged with such liability. Her fraud must be held to estop her from profiting thereby.

In holding that plaintiff was not estopped by her misrepresentation as to her age and in awarding her double compensation notwithstanding such misrepresentation, the commission relied upon *Syneszewski* v. *Schmidt,* 153 Mich. 438; *Braasch* v. *Michigan Stove Co.,* 153 Mich. 652 (20 L. R. A. [N. S.] 500); and *Grand Rapids Trust Co.* v. *Petersen Beverage Co.,* 219 Mich. 208. And in appellee's brief it is insisted that these cases control this phase of the instant case. The syllabus from *Syneszewski* v. *Schmidt, supra,* which indicates the holding in each of the three cases, reads:

"Where defendant employed plaintiff, under 16, without obtaining the sworn statement of parent or guardian required by the statute, Act No. 113, Pub. Acts 1901, as amended, he was not relieved from liability for injury to plaintiff during the employment by the fact that plaintiff told him he was over 16 and he accepted the statement in good faith."

In fairness, it should be stated that at first blush the above-noted decisions seem applicable and controlling but a more careful consideration of the

reason underlying these cases reveals their inapplicability. Each of them is a common-law action in tort, and the right of recovery was based wholly upon the statute. Act No. 113, Pub. Acts 1901, amended by Act No. 171, Pub. Acts 1905. The statutory enactment is an exercise of the police power of the State, and aimed at protecting minors by prohibiting their employment when under the age of 14 years in manufacturing plants; and also by prohibiting the employment of minors under 16 years of age in dangerous occupations. Violations of these provisions by the employer were held to give rise to a common-law tort action on the part of the injured minor. But the workmen's compensation act is an entire departure from the common law in so far as it pertains to the rights and duties of employer and employee. *Oleszek* v. *Ford Motor Co.,* 217 Mich. 318. And what is more important, the rights and duties of the respective parties under the compensation act arise out of and are incident to the contract of employment. *Crane* v. *Leonard, Crossette & Riley,* 214 Mich. 218 (18 A. L. R. 285, 20 N. C. C. A. 621); *Wood* v. *Vroman,* 215 Mich. 449. In other words, they are contractual in nature, and plaintiff is here asserting her right for double compensation because of her contract of employment with defendant. Hence, if the other essential elements of estoppel are present there is no reason why one of the parties to the contract should not be estopped from taking advantage of a fraud perpetrated on the other party incident to procuring the contractual relation. This could not be true in a common-law tort action brought in consequence of the violation of the statute mentioned (Act No. 113, Pub. Acts 1901, as amended) without entirely defeating the purpose of the statute. The holding of

the three cases noted is not applicable to the contractual relation arising in the instant case under the compensation act. On the contrary, and for the reasons noted, we hold plaintiff is estopped by her own fraud from being awarded double compensation.

The case is remanded to the department of labor and industry, with direction to enter the award in accordance herewith. Appellant will have costs of this court.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.