BLANTON *v.* CLAY PRODUCTS CO.

1. WORKMEN'S COMPENSATION—MINORS—HAZARDOUS EMPLOYMENT —DOUBLE COMPENSATION.

> Minor who lost hand while engaged in hazardous employment near conveyor to stone crusher was not entitled to double compensation where his original employment with defendant was secured upon the false representation that he was 18 years of age, no work permit was secured, and there is no showing of circumstances which would put the employer upon inquiry as to plaintiff's age notwithstanding that at time of reemployment during which injury occurred no statement as to age was made by minor and no inquiry made by employer (2 Comp. Laws 1929, § 8413, as amended by Act No. 6, Pub. Acts 1942 [1st Ex. Sess.]; § 8425).

2. SAME—COSTS—REDUCTION OF AWARD.

> No costs are allowed on appeal from award of double compensation on minor's petition for workmen's compensation for loss of hand while engaged in hazardous work where an award of single compensation was ordered.

Appeal from Department of Labor and Industry. Submitted January 4, 1945. (Docket No. 37, Calendar No. 42,822.) Decided February 20, 1945.

Clyde Blanton presented his claim for compensation against Clay Products Company, employer, and Employers Mutual Liability Insurance Company, insurer, for loss of hand. Award of double compensation. Defendants appeal. Reversed and remanded for entry of order for single compensation.

*Robert L. Arnold,* for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendants.

BUSHNELL, J.   Appeal was allowed from an order of the department of labor and industry awarding Clyde Blanton, a minor, double compensation for injuries sustained while employed by defendant Clay Products Company.   When Blanton was employed in the fall of 1942, he informed the defendant that he was 18 years old, when, in fact, he was only 15, having been born on February 10, 1927.   He continued in defendant's employ for several months, until work was suspended for the winter.   On April 12, 1943, three days after he returned to work, while picking stones out of clay moving on a belt into a crusher, his left arm was caught in the rollers and mangled to the extent that an amputation below the elbow was necessary.   The deputy commissioner awarded plaintiff double compensation in the sum of $35.20 per week for the specific period of 150 weeks for the loss of a hand.   Upon review, the department considered the sole question of whether plaintiff was entitled to single or double compensation.

It is undisputed that Blanton was engaged in hazardous employment at the time of the accident and that no permit or certificate, as required by 2 Comp. Laws 1929, § 8325 (Stat. Ann. § 17.20), had been filed with the employer.   As stated by the department, plaintiff's claim for double compensation is under the theory that there were two contracts of hire, one in the fall of 1942, at which time Blanton made the false statement concerning his age, and the other in April of 1943, when he made no statement with regard to his age and at which time no inquiry was made by his employer.

Section 7 of part 1 of the compensation act, Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), being 2 Comp. Laws 1929, § 8413, as amended by Act No. 6, Pub. Acts 1942 (1st Ex. Sess.) (Stat. Ann. 1942 Cum. Supp. § 17.147), provides:

"That any minor under 18 years of age whose employment at the time of injury shall be shown to be illegal shall, in the absence of fraudulent use of permits or certificates of age, in which case only single compensation shall be paid, receive compensation double that provided elsewhere in this act."

Blanton argued before the department, and argues here, that since there was no fraudulent use of permits or certificates of age, he is entitled to double compensation. The department concluded that the employer, having demanded neither a school permit nor a birth certificate as a condition precedent to Blanton's employment, "the instant situation is therefore not literally covered by the aforequoted statutory provision," and held that Blanton's "false verbal statement of age is not, as a matter of law, a violation" of the quoted portion of the act. The department attempted to distinguish the facts in the instant case from those in *Boshaw* v. *J. J. Newberry Co.*, 259 Mich. 333 (83 A. L. R. 412), where the court held that a minor who falsely represented her age to be over 18, which false representation resulted in a hiring when the employer failed to obtain the statutory permits, should not be entitled to recover double compensation for injury received in such employment, because of her fraud. In that case part of the fraudulent representation as to age was by means of written answers to a number of questions in a printed form, which the employee filled out but did not sign. In the instant case the false representations were oral only.

Blanton, testifying in his own behalf, admitted the false representation he made at the time of his employment, and there is no showing in this record of any circumstances that would put the employer upon inquiry as to Blanton's age. We do not have a situation here where the employer's attention is chal-

lenged or where an employer blindly shuts his eyes to a natural inquiry as to age. We have solely one where a claimant insists that, notwithstanding his deliberate falsehood and fraudulent representations, he is entitled to double compensation. In the absence of bad faith, or where the employer knew or should have known that the defendant was perpetrating a fraud, we feel the principle laid down in *Boshaw* v. *J. J. Newberry Co., supra,* should be applied, and that Blanton is estopped from deriving a benefit from his fraudulent representations. For his injury he should receive compensation, but that compensation should be no greater than that given to any other employee for a like injury.

The award of the department of labor and industry is vacated and the matter is remanded with direction to enter an award in accordance with this opinion. Under the circumstances of the case, no costs will be allowed. It is so ordered.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.