WALKER v. RIDLEY CLEANERS, INC.

WORKMEN'S COMPENSATION—MINORS—DOUBLE COMPENSATION—MIS-
REPRESENTATION OF AGE—GOOD FAITH.
   Minor, 16 years of age, who misrepresented his age as 18 in
   writing when hired by defendant was not entitled to award
   of double compensation for injury to arms sustained in rug-
   cleaning operations where his prevarication was not negatived
   by his apparent age.

Appeal from Department of Labor and Industry.
Submitted January 4, 1945. (Docket No. 33, Cal-
endar No. 42,742.) Decided April 9, 1945. Rehear-
ing denied May 14, 1945.

William Walker, a minor, by Charles Walker
presented his claim for compensation against Rid-
ley Cleaners, Inc., employer, and Consolidated Un-
derwriters, insurer. Award of double compensa-
tion to plaintiff. Defendants appeal. Reversed and
remanded for entry of award of single compensa-
tion.

George C. Parzen (Dann & Atlas, of counsel), for
plaintiff.

James F. Land (Kerr, Lacey & Scroggie, of coun-
sel), for defendants.

Lester E. Deeley, for defendant Ridley Cleaners,
Inc.

WIEST, J. In November, 1942, defendant Ridley
Cleaners, Inc., employed plaintiff, a 16-year-old boy,

to work in its rug cleaning department, upon his written representation that he was 18 years of age. In the course of such employment the boy, while engaged in putting a 9 by 12 rug through an electric wringer, reached out his hand to pull a wrinkle out of the rug, slipped and the rolls of the machine caught his hands, resulting in loss of his right forearm and use of his left arm. Defendant Ridley Cleaners, Inc., were operating under the workmen's compensation law, with defendant Consolidated Underwriters as liability insurance carrier. Upon application, the department of labor and industry awarded plaintiff double compensation from which award this appeal was taken.

Right to single compensation is conceded and the question turns upon whether, under the circumstances here involved, the right to double compensation was warranted. The answer to the question is found in our holding to the contrary in *Boshaw* v. *J. J. Newberry Co.*, 259 Mich. 333 (83 A. L. R. 412). The employer must act in good faith and under circumstances reasonably showing entrapment of hiring by the applicant's prevarication as to age and not negatived by his apparent age. See *Blanton* v. *Clay Products Co.*, 310 Mich. 635. The department was in error in awarding double compensation. We find no occasion to discuss other alleged errors.

The award is set aside and the case remanded to the department of labor and industry to enter an award of single compensation. Defendants will recover costs.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.