Doe, on the Demise of Hawkins and Others, *v.* Harvey.

The real estate of a decedent was sold by the order of a Court of competent jurisdiction, on application of the administrators (there being two of them,) for the payment of debts, the report of the sale confirmed, and a conveyance to the purchaser ordered to be executed. *Held*, that the circumstance, that notice of the application was served only on the general guardian of the intestate's heirs, they being minors, and that the sale was reported to the Court by one of the administrators as having been made by him, did not show the sale to be void.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—Ejectment for a tract of land situated in *Wayne* county, consisting of a part of the south-west quarter of section 36, and a part of the south-east quarter of section 35, township 14, range 1 west. The land described in the declaration belonged to *Amos Hawkins*, deceased, at the time of his death; and the lessors are his heirs. The Circuit Court, in 1825, on the application of the administrators of *Hawkins*, (there being two of them,) made an order that they should sell the said south-west quarter of section 36 for payment of the intestate's debts,—the personal estate being insufficient for that purpose. The defendant claims the land mentioned in the declaration, as a purchaser of the same at a sale made by one of the administrators under that order. The cause was submitted to the Court on an agreed case, and judgment rendered for the defendant.

The objections made to the defendant's title, as respects that part of the south-west quarter of section 36 described in the declaration, are, that notice of the application for the order of sale was not served on the lessors, who were infants; and that the sale was reported to the Court by one of the administrators, as having been made by him.

It appears by the record, that a written notice of the application for the order of sale, was duly served on the general

guardian of the heirs of the intestate; and that the report of the sale made by one of the administrators, was confirmed by the Court, and a conveyance ordered to be executed. We think that as the Circuit Court had jurisdiction of the subject-matter, and notice of the application for the order of sale was duly served on the guardian, it cannot be said that the order was a nullity. It appears to us, also, that as the report of the sale was confirmed by a Court of competent jurisdiction, and a conveyance ordered to be executed to the purchaser, the sale of so much of the land as belonged to the estate, and was embraced by the order, cannot be declared void. The judgment confirming the report may be erroneous; but the question whether it be so or not, has nothing to do with this cause.

The judgment, therefore, in favour of the defendant, as to that part of the said south-west quarter of section 36 which is described in the declaration, must be affirmed. But as there was no order for a sale of that part of the said south-east quarter of section 35, which the declaration describes, the judgment for the defendant as to that must be reversed.

*Per Curiam.*—The judgment is affirmed as to part, &c., and reversed as to the residue. Cause remanded, &c.

*J. S. Newman*, for the plaintiff.

*M. M. Ray*, for the defendant.