Nov. Term, 1854.

TIMMONS
v.
TIMMONS.

---

## TIMMONS and Others v. TIMMONS, Administrator.

An infant can not appear or plead to an action by attorney.

An order was made for the sale of real estate of an intestate for the payment of his debts, upon the petition of the administrator. One of the defendants was a minor; but no guardian was appointed for her. The proceedings were under the R. S. 1843. *Held*, that the order was erroneous.

*Wednesday, December* 13.

ERROR to the *Tippecanoe* Court of Common Pleas.

DAVISON, J.—*Wingate Timmons*, administrator *de bonis non* of the estate of *Stephen Timmons*, deceased, filed a petition alleging, *inter alia*, that he had discovered the insufficiency of the personal assets belonging to said estate to pay the debts outstanding against it; that the intestate died seized of a tract of land (describing it) situate in *Tippecanoe* county, worth 400 dollars; and that, at his death, he left the following named heirs at law, viz., *James*,

*Thomas, Abram, Henry, Jesse,* and *Amelia Timmons*—the said *Amelia* being a minor. The petition prayed the Court to order a sale of said land in the mode prescribed by the statute, and for general relief, &c. Upon final hearing, the Court decreed in accordance with the prayer.

The record shows that *Amelia Timmons* appeared to the petition by an attorney. This was error. " An infant can not appear or plead by attorney." 2 Johns. 192. Moreover, the act which authorized these proceedings required the Court, " before hearing such petition," to " appoint some suitable and discreet person the guardian" of such minors as might be parties, "for the sole purpose of appearing for them and taking care of their interest in the proceedings." R. S. 1843, c. 30, s. 226.

For the reason that no guardian was appointed for *Amelia Timmons,* the decree must be reversed (1).

*Per Curiam.*—The decree is reversed with costs.

*J. Pettit* and *S. A. Huff,* for the plaintiffs.

*D. Mace* and *W. C. Wilson,* for the defendant.

(1) As to the rule of decision where there is an attempt, in a collateral proceeding, to set aside an administrator's sale of real estate, for want of proper notice of the application to sell, see *Doe* v. *Harvey,* 5 Blackf. 487; *Thompson* v. *Doe,* 8 *id.* 336; *Doe* v. *Harvey,* 3 Ind. R. 104; *Doe* v. *Anderson,* 5 *id.* 33.