Drake v. Hanshaw.

---

## DRAKE v. HANSHAW ET AL.

47 291
105 76

47 291
111 19

47 291
126 658

47 291
130 728

1. **Judgment:** INFANCY: INJUNCTION. Where the court has jurisdiction of the person of a minor and of the subject matter of the action, the failure to appoint a guardian *ad litem* is a mere irregularity, and the judgment rendered is in force until set aside by direct proceedings. Injunction will not lie to restrain the enforcement of the judgment.

*Appeal from Wapello Circuit Court.*

FRIDAY, DECEMBER 7.

ACTION to enjoin the enforcement of a judgment rendered by a justice of the peace, and to annul the same. The plaintiff is a minor. In the action in which judgment was rendered against him by the justice he appeared personally and by attorney, but not by regular guardian, and no guardian *ad litem* was appointed. After verdict he moved in arrest of judgment on

the ground that he was a minor, and the motion was overruled. No motion was made to set aside the judgment, nor appeal taken. The court below granted an injunction to restrain the enforcement of the judgment, and afterwards on motion dissolved it. A demurrer filed by the defendant to the petition was sustained. Plaintiff appealed.

*W. H. C. Jacques*, for appellant.

*John B. Ennis*, for appellee.

ADAMS, J. The defense of a minor must be by his regular guardian or by a guardian appointed to defend him, where no regular guardian appears. No judgment can be rendered against a minor until after a defense by a guardian. Code, § 2566. In this case a judgment was rendered, and there was no defense by a guardian. It is claimed, therefore, by the appellant that the judgment is void. The court, however, had jurisdiction of the person of the defendant, and of the subject matter of the action, and we think that the failure to appoint a guardian *ad litem* was a mere irregularity, and that the judgment must be regarded as in force until set aside. *Bloom v. Burdick*, 1 Hill, 130; *Barber v. Graves*, 18 Vt., 290; *Porter v. Robinson*, 3 A. K. Marshall, 253; *White v. Albertson*, 3 Dev., 241; *Simmons v. Simmons*, 6 Ind., 8; *Randall v. Wilson*, 23 Mo., 76.

The rendition of a judgment without a defense by a guardian was doubtless erroneous. *Knapp v. Crosley*, 1 Mass., 479; *Miles v. Boyden*, 3 Pick., 213; *Starbird v. Moore*, 21 Vt., 529. But did the Circuit Court have jurisdiction to enjoin the enforcement of the judgment or enter a decree setting it aside? We are of the opinion that it did not. The plaintiff had an adequate remedy at law. In Tyler on Infancy and Coverture, page 205, the author says: "If an infant appear in person or by attorney, it is error in fact and may be assigned in the court in which the judgment is pronounced." He cites *Castledine v. Mundy*, 1 Nev. & Man., 635; 4 Barn. & Ad., 90; *Meredith v. Sanders*, 2 Bibb, 101. Had the judgment been void the injunction might have been granted, but, as we

have seen, it is not void. Nor was it voidable by the mere act of the judgment defendant. "A judicial proceeding or matter of record can be avoided on account of infancy only by matter of record." Tyler on Infancy and Coverture, page 70. But a judgment against an infant, where no defense had been made by a guardian, may be reversed by a writ of error. *Swan v. Horton*, 14 Gray, 179. Whether the writ must be applied for within the time fixed by statute, we need not determine; such question is not before us. The general rule is that laches are not imputable to a person during his minority, because he is not supposed to be cognizant of his rights, nor capable of enforcing them. *Ware v. Brush*, 1 McLean, 533. It has been held, indeed, that an infant defendant cannot appear in person, or by attorney, even to move to set aside former proceedings on the ground of want of appointment of guardian *ad litem*. This would seem to indicate that time would not run against him during minority. But, however that may be, the judgment must be

AFFIRMED.