EQUITABLE LIFE INSURANCE COMPANY of Iowa, Plaintiff, v. MARIE COOK et al., Defendants; H. R. MILLER, Receiver, Appellee; G. R. HENDRICKSON, Intervener, Appellant.

No. 45276.

C. W. Meek, for G. R. Hendrickson, intervener and appellant.

Carl M. Adams and Frank C. Byers, for H. R. Miller, receiver and appellee.

STIGER, J.—Plaintiff foreclosed its real estate mortgage which was also a chattel mortgage on rents, profits and crops from the land "until the debt secured was paid in full," and provided for the appointment of a receiver.

The decree was entered October 10, 1938, appointed H. R. Miller receiver, found that plaintiff under its chattel mortgage had a first lien on the 1938 rents, ordered the receiver to rent the real estate for the year beginning March 1, 1939, and to collect all rents accruing prior to the period of redemption and apply them "5th., to the payment of the deficiency judgment, if any", and to transfer the 1939 lease for its unexpired term to the party legally entitled thereto after the expiration of the period of redemption. There was no appeal from this judgment.

The decree rendered judgment in rem in the sum of $7,910.53. Plaintiff bid $7,000 at special execution sale of the real estate and obtained sheriff's certificate of sale on November 16, 1938, leaving a deficiency judgment of $1,022.44. The receiver collected the 1938 rent in the sum of $500 which was applied on the judgment.

After the sale and during the period of redemption, intervener, G. R. Hendrickson, on July 6, 1939, purchased from the defendants in the foreclosure suit all their interest in the real estate and on July 19, 1939, redeemed the land from the execution sale, paying in making redemption the sum of $7,378. After making redemption, Hendrickson intervened asserting that his redemption terminated the receivership and that he was entitled

to immediate possession of the real estate and to an assignment of the 1939 lease.

On July 28, 1939, the original plaintiff and H. R. Miller, the receiver, filed an answer to the petition of intervention wherein they asserted that the decree of October 10, 1938, constituted an adjudication of the rights of the defendants and their assignees and grantees as to the possession and operation of the farm during the whole period of redemption and was res adjudicata as to the intervener, and that, since the deficiency judgment was unpaid and there were not sufficient funds in the hands of the receiver to pay the same, the receivership must continue as provided in the decree of foreclosure until the expiration of the year of redemption. They prayed that the petition of intervention be denied and dismissed.

■ Appellant admits in argument, that his redemption of the land from foreclosure sale did not deprive plaintiff of its right to enforce the receivership provisions of the mortgage and to collect the deficiency judgment out of the rents and profits, in the following language:

"It no doubt is true under the late holdings of this Court, in Union Central Life Insurance Co. v. Eggers, et al., 212 Iowa at 1355, that the Receiver appointed by the Court herein had a right to appropriate the rents and profits to satisfy the deficiency judgment against the adult defendants."

Appellant thus concedes there was no merit in the only issue presented to the court in the trial below.

■ Intervener presents the proposition that section 10997, 1939 Code provides that no judgment can be rendered against a minor until after a defense by a guardian; that three of the defendants are minors; that no guardian was appointed for them; that said minors own an undivided two-sixths interest in the real estate; that conceding plaintiff's right to have the rents applied to the satisfaction of the deficiency judgment, this right must be limited to the four-sixths interest of the adult defendants and that intervener is entitled to two sixths of the rent under his guardian's deed. Intervener rests this contention on the erroneous postulate that the decree and judgment was void as to the minors.

We do not find that this proposition was presented in the

trial in the district court. However, we cannot agree with this contention. The court had jurisdiction of the minors through service of original notice in the foreclosure proceedings and the failure to interpose a defense for the minors was an irregularity only. The judgment and decree was binding on the minors until vacated by direct proceedings. Nels v. Rider, 185 Iowa 781, 171 N. W. 150; Reints v. Engle, 130 Iowa 726, 107 N. W. 947; Drake v. Hanshaw, 47 Iowa 291; Beardsley v. Clark, 229 Iowa 601, 294 N. W. 887.

The trial court was right in dismissing intervener's petition and the case is affirmed.—Affirmed.

RICHARDS, C. J., and BLISS, MILLER, HALE, OLIVER, and HAMILTON, JJ., concur.