KATHERINE GIBBONS, Appellant, v. FRANKLIN C. BELT, Appellee.

No. 47229.

(Reported in 33 N. W. 2d 374)

962

August 2, 1948.

Baird & Baird, of Council Bluffs, for appellant.

J. A. Williams, of Council Bluffs, for appellee.

HAYS, J.—On July 2, 1942 plaintiff recovered a judgment against defendant in the sum of $150. The action was predicated upon the alleged negligent operation of a motor vehicle by the defendant. On August 6, 1947 defendant moved to set aside the judgment and for an order restraining the Department of Public Safety from proceeding under section 321.275, Code of 1946 (section 5021.01, Code of 1939). After a hearing, the motion was sustained and a judgment entered accordingly. Plaintiff appeals.

The record is brief and there is little dispute over the facts. On July 2, 1942, when the original judgment was entered, appellee was eighteen years of age. This fact does not appear to have been brought to the court's attention. After the service of the original notice upon appellee by appellant's counsel, one P. C. Rasmussen, an attorney, appeared for appellee and was given time to plead. On July 2, 1942 Rasmussen withdrew his appearance, and judgment was entered without a defense being made for appellee by a guardian ad litem. On August 24, 1942 appellee was married and in October 1942 entered the military service by induction or enlistment. He was discharged October 22, 1945. On August 5, 1947 appellee was notified by the Department of Public Safety of intention to act under section 321.275, Code of 1946, and to suspend his license etc. as therein provided, the judgment of July 2, 1942 not having been satisfied. August 13, 1947 appellee filed his motion to set aside the original judgment and to enjoin the Department of Public Safety from acting under section 321.275. So far as the record shows, the said department was never made a party to the hearing and has taken no part in the proceedings. On August 15, 1947 a temporary restraining order was issued against the depart-

ment and on September 10, 1947 the motion was submitted. It was sustained generally, the original judgment was vacated and the department permanently enjoined.

The motion was based upon the following propositions: (1) That the original notice being served by plaintiff's attorney did not give the court jurisdiction over the defendant (2) that defendant was a minor, no guardian ad litem was appointed, and the failure to advise the court of this fact constituted fraud upon the court (3) that the appearance made for defendant by P. C. Rasmussen was unauthorized (4) that defendant being subject to induction into the military service, an affidavit under sections 200–204, 54 Stat. at L., Part 1, chapter 888 (Soldiers' and Sailors' Civil Relief Act of 1940, sections 520–524) should have been filed; and that for the reasons above stated, the judgment of July 2, 1942 was void.

Appellant, in support of her appeal, assigns numerous alleged errors, they being substantially a statement of the grounds set forth in the motion, and alleges that in sustaining same error was committed.

Concededly, if the original judgment was void for any of the reasons urged, then, so far as the order vacating was concerned, no error was committed. The question for determination is whether, based upon any of the alleged grounds of the motion, the judgment was void.

I. Does the fact that the original notice was served by appellant's attorney void the judgment? (The matter of the appearance will be considered later.) Section 11058, Code of 1939, in effect at the time in question, provides: "The notice may be served by any person not a party to the action." Whether or not an attorney in a case is a "party to the action" within the meaning of the statute has not been directly before this court. In Schroeder v. District Court, 213 Iowa 814, 239 N. W. 806, it is held that notice of hearing of a claim against an estate may be served by an attorney for claimant, but the court therein clearly states that the question there raised is not "who" may serve the notice, but rather "how" it should be served. In Gollobitsch v. Rainbow, 84 Iowa 567, 51 N. W. 48, this court held that where a sheriff was a party to the action, service by his deputy was insufficient. This was based upon

the theory of privity. (We would direct attention to what appears to be a mistake, with reference to the Gollobitsch case, supra, as it is cited in the Schroeder case page 816, supra. There it is said the notice was served by the attorney, which is not the fact.)

As to who is a "party to the action" has not been definitely passed upon by this court. For the nearest approach to it, see Dean v. Clapp, 221 Iowa 1270, 268 N. W. 56. However, on the question of "who are parties", Professor Greenleaf in an oft-quoted passage (1 Greenleaf on Evidence, Sixteenth Ed., section 523) says:

"Under the term *parties*, in this connection, the law includes all who are directly interested in the subject-matter, and had a right to make defense, or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony, and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as strangers to the cause."

Using the above definition as a yardstick, it is self-apparent that an attorney in the action is not a party to the action. The service of the notice in the instant case was sufficient to confer jurisdiction over the person and there is no merit in this part of the motion. It might be here noted that section 11058, supra, has now been superseded by Rule 52, Rules of Civil Procedure, which specifically forbids service by an attorney for a party to the action.

II. Appellee was a minor. This fact was not brought to the court's attention and no guardian ad litem was appointed. Does this void the judgment? Our answer is no. This is not a new question. Section 10997, Code of 1939, provides that "No judgment can be rendered against a minor until after a defense by a guardian."

In Equitable Life Ins. Co. v. Cook, 229 Iowa 911, 914, 295 N. W. 428, 429, we said:

"The court had jurisdiction of the minors through service of original notice in the foreclosure proceedings, and the failure to interpose a defense for the minors was an irregularity only.

The judgment and decree was binding on the minors until vacated by direct proceedings."

In Beardsley v. Clark, 229 Iowa 601, 604, 294 N. W. 887, 889, we said:

"The entry of judgment against appellant while a minor, without a defense having been made by a guardian, did not render the judgment void but only voidable, and appellant was not entitled to have a new trial unless he showed that he had a good defense to the action."

See, also, Reints v. Engle, 130 Iowa 726, 107 N. W. 947; Drake v. Hanshaw, 47 Iowa 291; 43 C. J. S., Infants, section 108.

■■ III. While an attorney appeared for appellee, it is alleged that he did so without authority. Nowhere in the record is there any denial of the authority, except as it is stated in the motion. The court having jurisdiction by the service of the notice, the question of the appearance is immaterial. However, see Sloan v. Jepson, 217 Iowa 1082, 1084, 252 N. W. 535, where we say:

"It is presumed as a matter of law that where an attorney appears for a party to an action he has authority to do so."

See, also, Burns v. Prudential Ins. Co., 229 Iowa 616, 294 N. W. 906; Milne v. Van Buskirk, 9 Iowa 558.

■ IV. Another ground in the motion is the failure to file an affidavit as to military service. Assuming that appellee was within the scope of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C. Appendix, section 520, we have recently answered this question adverse to appellee. In Bristow v. Pagano, 238 Iowa 1075, 29 N. W. 2d 423, we held that the affidavit is not jurisdictional. There is no merit to this claim.

■ V. Appellant further asserts that, the judgment being merely irregular, the court had no authority to grant the relief asked. It will be noted the judgment was entered July 2, 1942. Appellee attained his majority by marriage in August 1942. He was discharged from the military service in 1945, and this

action was not commenced until August 1947 by the filing of a motion.

Rule 252, Rules of Civil Procedure, provides that when a petition is filed under Rule 253, the court may vacate a final judgment for irregularity or erroneous proceedings against a minor. Rule 253 provides that the petition must be filed within a year after the rendition of the judgment and allege a meritorious defense. It is clear that, the original judgment being irregular only, and no action to vacate or correct having been filed until more than five years thereafter, the trial court exceeded its authority in vacating the same.

██ ██ Appellee, in addition to asserting that the judgment was void as a basis for sustaining the action of the trial court, states that the injunction against the Department of Public Safety is proper. He asserts that sections 321.275–321.279, inclusive, were repealed by section 35, chapter 172, Acts of the Fifty-second General Assembly, and there is no authority in the Department of Public Safety to revoke or suspend his license. He cites section 36 of said chapter for his authority. We would direct attention to section 41, thereof, which states: "This act shall be in full force and effect beginning October 1, 1947." Also, to section 35, which states:

"Sections * * * (321.275) * * * and (321.279) * * * Code 1946, are hereby repealed *except* with respect to any accident or judgment arising therefrom * * * prior to the effective date of this act." (Italics added.)

Furthermore, under the record no notice of the action was served upon the Department of Public Safety and we have specifically held that a judgment without service of an original notice is void. See Nibeck v. Reidy, 171 Iowa 54, 153 N. W. 186.

For the reasons above set forth the judgment of the trial court should be and is reversed.—Reversed.

All JUSTICES concur.