# IN THE COURT OF APPEALS OF IOWA

No. 23-0722
Filed September 4, 2024

**STATE PUBLIC DEFENDER,**
     Petitioner,

**vs.**

**IOWA DISTRICT COURT FOR DALLAS COUNTY,**
     Respondent.
_____

     Appeal from the Iowa District Court for Dallas County, Randy V. Hefner, Judge.

     The State Public Defender filed a petition for writ of certiorari, challenging the district court order that equally assigned the costs of a competency evaluation between the State and the State Public Defender. **WRIT SUSTAINED, DISTRICT COURT ORDER VACATED, AND CASE REMANDED WITH INSTRUCTIONS.**

     Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for respondent.

     Jeff Wright, State Public Defender, and Jacob Mason and Kelsey Knight, Assistant State Public Defenders, for petitioner.

     Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

The State Public Defender (SPD) filed a petition for writ of certiorari seeking review of the district court order that required the SPD and the State to equally share the cost of a competency evaluation ordered by the court sua sponte. The SPD argues Iowa law does not allow the court to order the SPD to pay for a court-ordered evaluation that was not requested by the defense.

## I. Background Facts and Prior Proceedings

Johneene Sexton was charged with theft in the second degree. The SPD was appointed as counsel for Sexton after the court determined her to be indigent. During a pre-trial conference, the court expressed concern that Sexton may not be competent to stand trial. While defense counsel asserted Sexton was competent to stand trial, after a colloquy with Sexton, the court ordered a competency evaluation sua sponte.

A competency evaluation was completed which concluded Sexton was competent to stand trial. Sexton later entered a guilty plea to a lesser-included offense. Following completion of the examination, the doctor submitted a claim for payment of services to the SPD. After holding a hearing to address payment for the evaluation, the court ordered the SPD and the State to be equally responsible for the cost of the evaluation. The SPD filed a petition for writ of certiorari. The supreme court granted the writ and transferred the case to this court for disposition.

## II. Standard of Review

Our review in a certiorari action is for errors at law, and "we are bound by the findings of the trial court if supported by substantial evidence in the record." *Sergeant Bluff-Luton Sch. Dist. v. City Council of City of Sioux City*, 605

N.W.2d 294, 297 (Iowa 2000). "A writ of original certiorari lies where the district court has acted illegally. Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Sorci v. Iowa Dist. Ct.*, 671 N.W.2d 482, 489 (Iowa 2003).

### III. Analysis

The issue presented in this certiorari action, although narrow, is important to the trial court bench, attorneys, and litigants. Who bears the burden of the cost of a competency evaluation not requested by the defense but ordered by the district court sua sponte? On appeal, the parties agree that the district court lacked authority under Iowa law to require the SPD to contribute to the cost of the evaluation. But the parties disagree as to who bears the responsibility for the cost of such an evaluation. The SPD asserts the judicial branch is responsible for the cost; the State argues the cost should be assessed to Sexton, subject to a reasonable-ability-to-pay analysis.[1]

The district court here moved to determine the competency of the defendant sua sponte, which is provided for by statute:

> If at any stage of a criminal proceeding the defendant or the defendant's attorney, upon application to the court, alleges specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, the court shall suspend further proceedings and determine if probable cause exists to sustain the allegations. . . . The court may on its own motion schedule a hearing to determine probable cause if the defendant or defendant's attorney has failed or refused to make

---

[1] The State acknowledges their position has harsh consequences, as if a defendant is determined to not have the reasonable ability to pay, the doctor would not be compensated for the evaluation.

an application under this section and the court finds that there are specific facts showing that a hearing should be held on that question.

Iowa Code § 812.3 (2023).

a.      Assessment of a Portion of the Cost to SPD

While authorizing the court to order the evaluation without a motion from the defendant, the statute is silent on payment for the cost of the same.  Iowa Code section 815.11 details appropriations available for indigent defense:

> Costs incurred for legal representation by a court-appointed attorney . . . on behalf of an indigent shall be paid from moneys appropriated by the general assembly to the office of the state public defender in the department of inspections, appeals, and licensing and deposited in an account to be known as the indigent defense fund.

The Iowa Administrative Code also offers direction to the SPD on paying for court-ordered evaluations:

> The state public defender shall review, approve and forward for payment claims for necessary and reasonable evaluations requested by an appointed attorney . . . .  Additionally, a claim for a court-ordered evaluation will be approved only if the following conditions are met:
>     b. One copy of each of the following documents is attached to the claim:
>         (1) The application and order granting authority to conduct the evaluation.

Iowa Admin. Code r. 493-13.2(4).

The parties agree that these rules and section 815.11 allow payment for indigent defense by the SPD only when it is requested by an appointed attorney as part of the defense.  Section 815.11 allows for paying "[c]osts incurred for legal representation by a court-appointed attorney," and rule 493-13.2(4) states there can be payment for "evaluations requested by an appointed attorney," or court ordered evaluations when "[t]he application . . . to conduct the evaluation" is

attached to the claim for payment. These rules all include language limiting payment by the SPD to costs created by the defense.

The district court recognized the quandary, indicating that the court saw "two imperfect possible answers" to the issue of payment for the competency evaluation. First, the district court looked to Iowa Rule of Evidence 5.706 to support the order. Rule 5.706 addresses payment for court-appointed expert witnesses: "The expert is entitled to a reasonable compensation as set by the court. Except as otherwise provided by law, the compensation must be paid by the parties in the proportion and at the time that the court directs, and the compensation is then charged like other costs." But this rule only authorizes costs to be assessed to "parties." And the SPD is not a party. *See Gibbons v. Belt*, 33 N.W.2d 374, 376 (Iowa 1948) ("[I]t is self-apparent that an attorney in the action is not a party to the action."); *State Pub. Def. v. Amaya*, 977 N.W.2d 22, 28 (Io2022) ("The SPD is not a party to the underlying case.").

Second, the district court cited Iowa Code sections 815.4 and 815.5 as a possible source permitting it to place costs of the evaluation on the SPD. Section 815.4 allows the SPD to pay the costs for "a witness secured for an indigent person." But here, the doctor was not a "witness secured for" the defendant as described under Iowa Rule of Criminal Procedure 2.20(4) (2022): "Counsel for a defendant who because of indigency is financially unable to obtain expert or other witnesses necessary to an adequate defense of the case may request in a written application that the necessary witnesses be secured at public expense."[2] We

---

[2] *See also* Iowa Code § 815.5 ("Notwithstanding the provisions of section 622.72, reasonable compensation as determined by the court shall be awarded expert

conclude that as the doctor was not a witness and not requested by the defense, these code sections do not allow the assessment of the competency evaluation to the SPD.

b.      Payment of the Cost

We turn to the remaining question.  Who should be assessed the cost of the competency evaluation conducted on this particular defendant?  The SPD argues the judicial branch should bear the cost of the evaluation, while the State argues that Iowa law only permits the costs be passed onto the defendant and any recovery by the doctor who conducted the evaluation depends on the defendant's reasonable ability to pay.  The State cites Iowa Code section 815.9(3): "If a person is granted an appointed attorney, the person shall be required to reimburse the state for the total cost of legal assistance provided to the person pursuant to this section."

But reimbursement is required for "legal assistance," which section 815.9(3) defines as: "'Legal assistance' as used in this section shall include not only the expense of the public defender or an appointed attorney, but also transcripts, witness fees, expenses, and any other goods or services required by law to be provided to an indigent person entitled to an appointed attorney."  And "the legislature 'may act as its own lexicographer.'  When it does so, we are normally bound by the legislature's own definitions."  *State v. Fischer*, 785 N.W.2d 697, 702 (Iowa 2010) (quoting *Henrich v. Lorenz*, 448 N.W.2d 327, 332 (Iowa 1989)).

---

witnesses, expert witnesses for an indigent person referred to in section 815.4, or expert witnesses called by the state in criminal cases.").

It is not clear that a competency evaluation ordered by the court sua sponte is "legal assistance" to the defendant. In fact, "[w]hen 'sufficient doubt' exists as to the defendant's competency, the trial court has an absolute responsibility to order a hearing sua sponte." *State v. Mann*, 512 N.W.2d 528, 531 (Iowa 1994). So we cannot necessarily conclude that the competency evaluation performed here is "goods or services required by law to be provided to an indigent person entitled to an appointed attorney," since it is separately required of the court. *See id.*; Iowa Code § 815.9(3).

There is not currently an Iowa statute that explicitly allows the assessment of competency evaluations ordered by the district court sua sponte to be assessed to the judicial branch. Iowa Code section 602.1302 addresses state funding for the judicial branch:

> 1. Except as otherwise provided by sections 602.1303 and 602.8108 or other applicable law, the expenses of operating and maintaining the judicial branch shall be paid out of the general fund of the state from funds appropriated by the general assembly for the judicial branch. . . .
> . . . .
> 3. A revolving fund is created in the state treasury for the payment of jury and witness fees, mileage, costs related to summoning jurors by the judicial branch, costs and fees related to the management and payment of interpreters and translators in judicial branch legal proceedings and court-ordered programs, and attorney fees paid by the state public defender for counsel appointed pursuant to section 600A.6A.

Funds are appropriated for "operating and maintaining" the judicial branch, and a fund is created for the payment of "witness fees." *Id*. Although "[t]he constitutional duty of the judicial department is to exercise the judicial power to provide for the fair and impartial administration of justice," *State v. Thompson*, 954

N.W.2d 402, 410 (Iowa 2021), there is not a clear designation of money to pay the costs of court-ordered competency evaluations.

In some situations when the court has created a cost for one of the parties, the legislature has created a statutory provision to fund those costs. Iowa Code section 815.7A appropriates "[c]ompensation for an arraignment, pretrial conference, scheduling conference, or any other uncontested or nontestimonial judicial proceeding, for which a request for a remote hearing was denied, paid to the attorney . . . from the indigent defense fund created in section 815.11 shall be reimbursed by the judicial branch." We interpret statutes in context: "context is critical, and context comes from 'the language's relationship to other provisions of the same statute and other provisions of related statutes.'" *Beverage v. Alcoa, Inc.*, 975 N.W.2d 670, 681 (Iowa 2022) (quoting *Bank v. McGowen*, 956 N.W.2d 128, 133 (Iowa 2021)).

And we are guided by recent supreme court case law in *State v. Iowa District Court*, 6 N.W.3d 723 (Iowa 2024), in which the costs of a technology vendor hired by the district court to assist in a review of seized materials were at issue. In that case, the court held "the judicial branch, in all fairness, must be held responsible for the costs of the vendor it employed." *Iowa Dist. Ct.*, 6 N.W.3d at 730. Likewise here, because the cost was created by an action of the court, we conclude the cost of the evaluation "in all fairness" should be assessed to the judicial branch.

The issue of how the cost of future competency evaluations ordered sua sponte should be assessed is not before us today. We make two observations concerning the same. First, the answer may lie in legislative action, where the

legislative body could specify a funding stream for the payment of such evaluations. And second, as the State suggests, district courts might look to the Iowa Medical Classification Center in Oakdale for these competency evaluations. Iowa Code section 904.201 states:

> 1. The Iowa medical and classification center at Oakdale shall be utilized as a forensic psychiatric hospital for persons displaying evidence of mental illness or psychosocial disorders. . . .
> . . . .
> 3. a. The forensic psychiatric hospital may admit the following persons:
> . . . .
> (3) Persons referred by the courts for psychosocial diagnosis and recommendations as part of the pretrial or presentence procedure or determination of mental competency to stand trial.

As such, evaluations completed in Oakdale provide a funding source:

> Chapter 230 governs the determination of costs and charges for the care and treatment of persons with mental illness admitted to the forensic psychiatric hospital, except that charges for the care and treatment of any person transferred to the forensic psychiatric hospital from an adult correctional institution or from a state training school shall be paid entirely from state funds. Charges for all other persons at the forensic psychiatric hospital shall be billed to the respective counties at the same ratio as for patients at state mental health institutes under section 230.20.

Iowa Code § 904.201(8).[3]

### IV. Conclusion

The district court lacked authority to assign the SPD a portion of the cost of the competency evaluation ordered by the court sua sponte. The cost of the competency evaluation ordered sua sponte in this proceeding should be assessed

---

[3] In 2024, the Iowa Legislature modified the language in this section, effective July 2025, for brevity: "Chapter 230 governs the determination of costs and charges for the care and treatment of persons with mental illness admitted to the forensic psychiatric hospital." 2024 Iowa Acts ch. 1161, § 133.

to the judicial branch.  Accordingly, we sustain the writ, vacate the district court order, and remand for the entry of an order consistent with this opinion.

**WRIT SUSTAINED, DISTRICT COURT ORDER VACATED, REMANDED WITH INSTRUCTIONS.**